**Affirm and Opinion Filed November 6, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01401-CR

**ELISABETH ANNE CLEMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F10-73435-Y**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

Elisabeth Anne Clemons appeals from the revocation of her community supervision. In a single issue, appellant contends there is insufficient evidence in the record to support the trial court's order for appellant to pay $444 in court costs. We affirm the trial court's judgment.

Appellant waived a jury and pleaded guilty to prostitution with three or more prior prostitution convictions. *See* TEX. PENAL CODE ANN. § 43.02(a)(1), (c)(2) (West 2011). The trial court assessed punishment at two years' confinement in state jail, probated for two years. The trial court's judgment also included an order that appellant pay $444 in court costs. The State later moved to revoke appellant's community supervision, alleging she violated the terms

of her community supervision. Appellant pleaded true to the allegation, and the trial court revoked appellant's community supervision and sentenced appellant to two years' confinement in state jail.

Appellant contends the evidence is insufficient to support the trial court's order that she pay $444 in court costs because the clerk's record does not contain a bill of costs. The State responds that although $200 of the court costs represents attorney's fees, and appellant is presumed to be indigent, she does not specifically challenge this amount on those grounds and, in any event, the remaining $244 of the costs is legislatively mandated and should remain in the judgment.

The $444 in court costs, which include $200 in attorney fees, were included in the June 13, 2011 judgment ordering community supervision and included again in the judgment revoking supervision. The time for challenging the assessment of the $200 in attorney's fees has passed. *See Wiley v. State*, No. PD-1728-12, 2013 WL 5337093, at \*5 (Tex. Crim. App. Sept. 25, 2013). Therefore, we decline the State's suggestion that the judgment be modified to delete the $200 attorney's fees. *Id.*

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have been accrued and send the bill of costs to the court to which the action or proceeding is . . . appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006). Costs may not be collected from the person charged with the costs until a written bill, containing the items of cost, is produced and signed by the officer who charged the cost or the officer entitled to receive payment for the cost. *Id.* art. 103.001.

The clerk's record in this case initially did not contain a copy of the bill of costs. We, however, ordered the Dallas County District Clerk to file a supplemental record containing a

-2-

certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (rules of appellate procedure allow supplementation of clerk's record if relevant items has been omitted). Appellant's complaint that the evidence is insufficient to support the imposition of costs because the clerk's record did not contain a bill of costs is now moot. *See Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet. h.); *Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). We overrule her sole issue.

In response to the Court's order requiring supplementation of the records, appellant filed an objection that the bill of costs in the supplemental records is not a "proper bill of costs" and the bill of costs was not filed in the trial court or brought to the trial court's attention before costs were entered into the judgment. We reject both arguments.

Appellant first contends that the bill of costs in the record is not a "proper bill of costs" because it is "unsigned, unsworn computer printout[s]." Appellant acknowledges the district clerk has certified that the documents constitute costs that have accrued to date," but says this does not "set out the costs as required by statute." While the code of criminal procedure requires a record to be kept, the code is silent on the form of such a record except to the extent it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001, .006; *Coronel*, 2013 WL 3874446, at *4.

Here, the district clerk provided a "Bill of Costs Certification" containing the costs that have accrued to date in the respective case, and the documents are certified and signed by the district clerk. Because the documents meet the mandate of the code of criminal procedure, we

conclude appellant's objection that the bill of costs is not "proper" lacks merit. *See Coronel*, 2013 WL 3874446, at *4.

Appellant further argues there is no indication the bill of costs was filed in the trial court or brought to the trial court's attention before the costs were entered in the judgment. Nothing in the code of criminal procedure or the statutes addressing the assessment of costs against defendants requires that a bill of costs be presented to the trial court at any time before judgment. *See id.* at *5.

Article 42.16 provides that the judgment shall "adjudge the costs against the defendant, and order the collection thereof as in other cases." TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006). Court costs, as reflected in a certified bill of costs, are not part of the sentence, do not alter the range of punishment, and need not be orally pronounced or incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011); *Coronel*, 2013 WL 3874446, at *5. The code of criminal procedure does not require the bill of costs be filed at the time the trial court signs the judgment of conviction; it only requires a bill of costs be produced if a criminal case is appealed or costs are collected. *See Coronel*, 2013 WL 3874446, at *5. Because there is no requirement that the costs be presented to the trial court, we conclude appellant's second objection to the supplemented record lacks merit. *See id.* We overrule appellant's objection to the supplemented record.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
121401F.U05

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELISABETH ANNE CLEMONS,
Appellant

No. 05-12-01401-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 7 of Dallas County, Texas (Tr.Ct.No.
F10-73435-Y).
Opinion delivered by Justice FitzGerald,
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered November 6, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE