

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00229-CR

MICHAEL DEWAYNE JEFFERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1274891D, Honorable George W. Gallagher, Presiding

November 20, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Michael Dewayne Jefferson was convicted of theft in an amount of $100,000 or more but less than $200,000, which is a second degree felony. He pled guilty without a recommendation as to punishment. The trial court deferred the adjudication of his guilt and placed him on community supervision for four years. The State later moved twice to have appellant's guilt adjudicated. The first motion resulted in the terms of appellant's probation being modified. The second one, however, was granted after

appellant pled true to one allegation. At that point, the trial court convicted appellant of the crime mentioned above and levied sentence.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se*. By letter, this court also notified appellant of his right to file his own brief or response, which he has done. Appellant filed such a response wherein he alleged various matters. Those matters included complaints about his being victimized by a white supremacist group, his lack of privacy, and his being convicted of theft as opposed to simply operating another's motor vehicle without permission.

We conducted our own review of the record to assess 1) the accuracy of appellate counsel's conclusions and 2) whether appellant's own response raised issues of arguable merit. Such is required by *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). As for appellate counsel's representations, we generally found them accurate. As for appellant's complaints, we found them without evidentiary support in the record before us, and we are bound by the contents of same. *See Whitehead v. State,* 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).

However, we did discover that appellant had been treated as an indigent and had been assigned appointed counsel. At no time did the trial court find that his status as a pauper had changed. This is of import since that court ordered appellant, via its

---

[1] *Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

judgment, to pay $2,050 in attorney's fees. Without a finding of changed financial circumstances, an indigent cannot be ordered to pay fees incurred by his appointed counsel. *Mayer v. State,* 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Nor can the trial court order that payment of those fees be taken from the appellant's inmate trust account, as was done here. *Cates v. State,* 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013) (applying *Mayer* to orders of withdrawal from inmate trust accounts). Consequently, we modify the judgment and order to withdraw funds from the trust account to reflect the holdings of *Mayer* and *Cates.* The amount of fees payable is reduced by $1150 to $900, and the order is altered to require the collection of no more than $900 from the inmate trust fund.[2]

As modified, the trial court's judgment is affirmed, and the motion to withdraw is granted.

Brian Quinn
Chief Justice

Pirtle, J., concurring and dissenting.

Do not publish.

---

[2] The $2050 amount is reduced by only $1150 because $900 of the fees was assessed when the adjudication of appellant's guilt was originally deferred and he was placed on community supervision. Because the error was not appealed at that time, we may not consider it now. *Wiley v. State,* No. PD-1728-12, 2013 Tex. Crim. App. LEXIS 1464, at *21-22 (Tex. Crim. App. September 25, 2013); *Riles v. State,* No. 07-12-00386-CR, 2013 Tex. App. LEXIS 12446, at *7-9 (Tex. App.—Amarillo October 7, 2013, no pet. h.).