

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1728-12

### SAM WILEY, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS MCLENNAN COUNTY

PRICE, J., delivered the opinion for a unanimous Court.

## O P I N I O N

After finding that the appellant was indigent and appointing trial counsel for him, the trial court accepted his guilty plea for the offense of hindering apprehension and sentenced him to eight years' confinement in the penitentiary. Thereafter, the trial court suspended the appellant's sentence and imposed eight years' community supervision. Without making a finding that the appellant had the present resources to repay the county for his court appointed trial attorney, the trial court ordered the appellant to pay court costs, which, according to a bill of costs attached to the written judgment, included those attorney fees.

The appellant did not appeal at the time of the imposition of community supervision. But when the appellant's community supervision was later revoked and he was sentenced to eight years' incarceration, the appellant did appeal. It was pursuant to that revocation appeal that the appellant complained, for the first time, that the evidence had been insufficient to support the order that he pay for his court appointed lawyer for the initial plea proceedings. The court of appeals acknowledged that the evidence was insufficient to order the repayment of those initial attorney fees, but held that the appellant procedurally defaulted this claim by failing to raise an objection in the trial court at the time that community supervision was imposed. We granted the appellant's petition for discretionary review to determine whether the appellant did in fact procedurally default his claim. We hold that he did, albeit on a basis different than that upon which the court of appeals relied. Accordingly, we will affirm.

## FACTS AND PROCEDURAL HISTORY

### In the Trial Court

The trial court found the appellant indigent and granted his request for court appointed counsel to represent him in the charges he faced for hindering apprehension.[1] A day later, on November 3, 2011, the appellant, with the assistance of appointed counsel, pled guilty to that offense pursuant to a negotiated plea bargain with the State. The trial court admonished the appellant that, should it follow the plea bargain, the appellant would not be allowed to

---

[1] TEX. PENAL CODE § 38.05.

appeal without the trial court's permission.[2] On December 14, 2011, the trial court sentenced the appellant to eight years in the penitentiary and a $1,000 fine; however, the trial court suspended the sentence and placed the appellant on community supervision for eight years. On that same date, the written judgment was entered, which included a sub-heading entitled "Court Costs." While most of the text of the judgment was computer-generated, the amount of court costs, $898.00, was handwritten. It is unclear from the record whether this amount had already been written into the judgment by the time the appellant signed it.

The judgment also incorporated the appellant's conditions of community supervision, and those conditions expressly included a requirement that the appellant pay, as court costs, all attorney fees as provided by a bill of costs that was attached to the judgment.[3] On its face, this computer-generated bill of costs indicated that it was printed out on the same day—December 14th—that the appellant was sentenced. It itemized the particulars of the court costs, which included a $400.00 cost for the appellant's court appointed attorney during the plea proceedings. In a declaration signed by the appellant that appears on the last page

---

[2] TEX. R. APP. P. 25.2(a)(2)(B).

[3] Condition of community supervision number 16 provided:

> The Court assesses all court appointed attorney's fees, investigator's fees, and interpreter's fees as costs in this cause and Orders the defendant to pay the same. **SEE THE ATTACHED BILL OF COSTS.**

This condition authorized the appellant to pay these court costs over time, at the rate of $10 per month, with the first payment to be made on or before February 15, 2012. The record does not reveal whether the appellant made any such payment before his community supervision was revoked.

of the judgment next to his thumbprint,[4] the appellant acknowledged that "[t]he terms and conditions set forth in this probation order have been read and explained to me on December 14, 2011, and I understand them." On that same day, the appellant also executed an express written waiver of appeal,[5] and he did not pursue an appeal at that time.[6]

On February 20, 2012, the State filed a motion to revoke the appellant's probation for technical violations.[7] The defendant again filed a request for a court appointed attorney, and the trial court again found the appellant to be indigent and appointed counsel to handle the motion to revoke. After a hearing conducted on June 14, 2012, the trial court revoked the appellant's community supervision and sentenced him to eight years' confinement in the penitentiary. The written judgment was entered the same day. A new bill of costs, printed out the day after the revocation judgment, itemized the appellant's total court costs. This

---

[4]
See TEX. CODE CRIM. PROC. art. 38.33, § 1 (requiring a print of the defendant's right thumb to appear on an order placing him on community supervision for a felony offense).

[5]
At the conclusion of the punishment hearing on December 14th, the trial court also asked the appellant in open court, "Now, you and your attorney have signed a waiver of appeal. Is that what you wish to do?" The appellant replied, "Yes, sir."

[6]
See TEX. CODE CRIM. PROC. art. 42.12, § 23(b) ("The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision.").

[7]
The State's motion to revoke alleged that the appellant violated several of the conditions of his community supervision (not including a failure to pay court costs) and also that he committed a new offense. The appellant pled "not true" to the allegations that he had violated the conditions of his community supervision, and the trial court held a hearing. At the hearing, the State abandoned the allegation that he had committed a new offense and proceeded only upon the violations of the conditions of his community supervision.

time the attorney fees were listed at $800.00—the unpaid $400.00 balance for the attorney who represented the appellant when the trial court initially placed him on community supervision, plus an additional $400.00 for the attorney who represented him during the revocation proceeding. The trial court also entered an order authorizing the withdrawal of funds from the appellant's inmate trust fund account, on a fixed monthly basis, until both his fine and his court costs, including the $800.00 total in attorney fees, should be paid off.[8] The trial court certified the appellant's unlimited right to appeal from the revocation order,[9] and the appellant appealed.

### In the Court of Appeals

On authority of this Court's opinion in *Mayer v. State*,[10] the appellant for the first time complained that the evidence was insufficient to support the assessment of both sets of attorney fees.[11] The State conceded that the evidence was insufficient to support the trial

---

[8]

 *See* TEX. GOV'T CODE § 501.014(e)(4) ("The department shall make withdrawals and payments from an inmate's account under this subsection according to the following schedule of priorities . . . (4) as payment in full for all orders for court fees and costs[.]"); *Johnson v. Tenth Judicial Dist. Ct. of Appeals*, 280 S.W.3d 866 (Tex. Crim. App. 2008).

[9]

 *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b) ("When [the defendant] is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in a jail or in the Texas Department of Criminal Justice, he may appeal the revocation."). The limitations on appeal imposed by Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure do not apply to appeals from revocation of community supervision. *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); TEX. R. APP. P. 25.2(a)(2).

[10]

 309 S.W.3d 552 (Tex. Crim. App. 2010).

[11]

 *Wiley v. State*, 390 S.W.3d 629, 630 (Tex.App.—Waco 2012).

court's order that the appellant pay all of the attorney fees.[12] However, following its holding in an earlier unpublished opinion in *Price v. State*,[13] the court of appeals determined that complaints about "the assessment of attorney's fees as a condition of supervision must be raised at the time the condition was imposed."[14] Accordingly, it upheld the $400.00 portion of the attorney fees that was assessed against the appellant as the cost of his court appointed representation during the original plea proceedings. While recognizing that other courts of appeals have split as to whether an appellant can raise complaints about attorney fees imposed at the time of probation in a later appeal from the revocation of that probation, the court of appeals adhered to its reasoning in *Price*, holding that the appellant procedurally defaulted his claim by not objecting to the attorney fees at the time it was initially assessed at his sentencing.[15] We granted this petition for discretionary review to resolve an apparent conflict among the courts of appeals.[16] We will affirm the judgment of the court of appeals.

---

[12]

*Id*. at 630.

[13]

No.10-10-00303-CR, 2012 WL 1435168 (Tex. App.—Waco Apr. 25, 2012, no pet.) (not designated for publication).

[14]

*Wiley*, *supra*, at 630 (citing *Price*, *supra*).

[15]

*Id*.

[16]

TEX. R. APP. P.66.3(a). *See Gipson v. State*, No. 13–12–00065–CR, 2012 WL 3612499 (Tex. App.—Corpus Christi Aug. 23 2012, no pet.) (not designated for publication) (allowing appellant to complain about attorney fees after revocation of probation without differentiating between fees imposed at the time of probation and those imposed at revocation); *Wolfe v. State*, 377 S.W.3d 141 (Tex. App.—Amarillo 2012, no pet.) (the appellant did not procedurally default his

**THE ISSUE**

The question of whether the evidence is sufficient to support an order for the repayment of attorney fees is, we have held, a criminal law matter.[17] The necessary procedure for ordering formerly indigent defendants to pay attorney fees is governed by Texas Code of Criminal Procedure article 26.05(g).[18] Under this article, once a defendant is declared indigent, a trial court may order a defendant to pay for the costs of "legal services provided"—but only if it first determines that the "defendant has financial resources that enable him to offset in part or in whole the costs[.]"[19] A defendant who has previously been

---

claim that the evidence was insufficient to support the imposition of attorney fees by failing to appeal when the conditions were imposed); *Derby v. State*, No. 09-11-0256-CR, 2011 WL 6229679 (Tex. App.—Beaumont 2011, no pet.) (same). *But see Reyes v. State*, 324 S.W.3d 865, 867-68 (Tex. App.—Amarillo 2010, no pet.) (the appellant procedurally defaulted his claim with respect to insufficient evidence to support an order that he pay attorneys fees when he did not object at the time of imposition of conditions of probation); *Jackson v. State*, No. 02-09-00258-CR, 2010 WL 5186811, at *5 (Tex. App.—Fort Worth Dec. 23 2010) (same); *Hill v. State*, ___ S.W.3d___, 2012 WL 2834168, at *3 (Tex. App.—Tyler 2012, no pet.) (same); *Price*, *supra*, at *2 (same); *Mathis v. State*, 397 S.W.3d 332, 341 (Tex. App.—Dallas 2013, pet. filed). *See also Vargas v. State*, Nos. 05–12–00334–CR, 05–12–00335–CR, 05–12–00336–CR, 2013 WL 3717768, at *2 (Tex. App.—Dallas July 12, 2013) (the appellant procedurally defaulted his claim regarding sufficiency of the evidence to support the imposition of attorney fees by raising it for the first time in his appeal following revocation rather than in an appeal from the order imposing community supervision).

[17] *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011).

[18] *See* TEX. CODE CRIM. PROC. art. 26.05(g) ("If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.").

[19] *Id*.

found indigent is presumed to remain indigent unless there is a "material change" in his financial status, and in the absence of any indication in the record that his financial status has in fact changed, the evidence will not support an imposition of attorney fees.[20] In this case, because the trial court failed to find that the appellant's financial status changed after initially finding the appellant to be indigent, the record is insufficient to support the order to pay the attorney fees stemming from his court appointed representation during the initial plea proceedings.

Various courts of appeals have held, however, that such a sufficiency claim is subject to procedural default and may be forfeited in one or both of two ways. The first type of forfeiture, and the one that the court of appeals in this case seems to have invoked, occurs when a defendant fails to raise an objection to the imposition of attorney fees as a condition of community supervision at the time it is initially imposed in the trial court.[21] The second type of forfeiture, accepted by at least one other court of appeals, occurs when, regardless of whether there has been an objection at trial, the defendant fails to raise his sufficiency claim in an appeal immediately following his placement on community supervision, waiting instead to try to raise the issue for the first time in his appeal from a later revocation order.[22] The

---

[20] *Mayer*, *supra*, at 557 (citing TEX. CODE CRIM. PROC. art. 26.04(p)).

[21] *Wiley*, *supra*, at 630. *See also Reyes*, *supra*, at 867-68*; Jackson*, *supra*, at *5; *Price*, *supra*, at *2; *Hill*, *supra*, at *3; *Mathis*, *supra*, at 341.

[22] *Vargas*, *supra*, at *2; *Wolfe*, *supra*, at 149 (Campbell, J., dissenting).

appellant counters with the assertion, which also finds some support in lower court opinions, that, because the trial court *again* required him to pay the earlier-assessed attorney fees in its revocation order, while placing no limitations on his ability to appeal from that order, the court of appeals erred in refusing to reach the merits of his sufficiency claim.[23]

In our view, the appellant did forfeit his sufficiency complaint. But he did not forfeit it by failing to preserve it by objection in the trial court, as the court of appeals here concluded. We hold that he forfeited it because he failed to bring it as a claim in a direct appeal from the order originally imposing community supervision.

### THE CASE LAW AND THE ARGUMENTS

In *Mayer v. State*, we held that an appellant may challenge the sufficiency of the evidence to support an assessment of attorney fees in the written judgment for the first time on appeal, and that such a claim need not be preserved by trial objection.[24] But *Mayer* involved a jury trial,[25] not a negotiated guilty plea (as in this case). While our later opinion in *Armstrong v. State* did involve a negotiated plea, the issue in *Armstrong* was not whether *Mayer* should apply, but whether a challenge to the sufficiency of the evidence to support a bill of costs assessing attorney fees constituted a civil law matter that was beyond the scope

---

[23] *Wolfe*, *supra*, at 144-46; *Gipson*, *supra*, at *1; *Derby*, *supra*, at *3.

[24] 309 S.W.3d at 556.

[25] *Id*. at 553.

of a criminal appeal or, alternatively, an appealable criminal law matter.[26] We held that it was the latter and remanded the cause to the court of appeals to address the merits of the claim.[27] It is true that Armstrong had apparently failed to object to the factual basis for the attorney fees at any time during the protracted proceedings in the trial court.[28] Noting that failure, and relying upon this Court's opinion in *Speth v. State*,[29] the State Prosecuting Attorney argued that, "because [Armstrong] affirmatively accepted and waived any objections to the conditions [of community supervision, including that he reimburse appointed attorney fees], he cannot complain about them for the first time on appeal."[30] However, we were able to resolve the civil-law-matter/criminal-law-matter dispute without addressing whether, in the context of a negotiated plea, *Speth* requires that the sufficiency claim be preserved by objection in the trial court as a predicate to raising it on appeal, *Mayer* notwithstanding.

---

[26] 340 S.W.3d at 761.

[27] *Id*. at 767.

[28] The judgment imposing deferred adjudication community supervision did not originally incorporate any specific requirement that Armstrong reimburse his appointed attorney fees, whether as a condition of community supervision or otherwise. *Id*. at 761-62. But the trial court later issued supplemental orders that amended the conditions of community supervision specifically to include a requirement that he repay "all . . . court-appointed attorney fees." *Id*. at 762. We made no reference in our opinion to any objection that Armstrong might have made to the attorney fees that were assessed.

[29] 6 S.W.3d 530 (Tex. Crim. App. 1999).

[30] *Armstrong*, *supra*, at 764.

In the instant case, the court of appeals could not avoid the question of whether an agreement to pay attorney fees as a condition of community supervision has to be preserved in the trial court under *Speth*, and concluded that it does. In *Speth*, we held that an appellant may not accept a condition of probation as part of a plea agreement and later challenge that condition for the first time on appeal; instead, he must "complain at trial to conditions he finds objectionable."[31] Moreover, beyond *Speth*, at least one other court of appeals has identified a separate and distinct procedural default in the failure to raise such a claim in the appeal from the order that originally imposed community supervision.[32] This latter forfeiture is in keeping with the line of cases from this Court, culminating in *Manuel v. State*, holding that an appellant will not be permitted to raise on appeal from the revocation of his

---

[31] 6 S.W.3d at 534. This requirement is subject to two limitations that we have previously identified. First, an appellant must have been aware of the condition of community supervision "in time to object at trial." *Id*. at 534 n.9; *cf. Landers v. State*, 402 S.W.3d 252 (Tex. Crim. App. 2013) (failure to object to imposition of the cost of attorney pro tem did not result in forfeiture when the appellant had no opportunity to make such an objection in the trial court). The Texas Code of Criminal Procedure expressly authorizes the reimbursement of appointed attorney fees as a condition of community supervision. TEX. CODE CRIM. PROC. art. 42.12, § 11(a)(11). Thus, the appellant had notice that attorney fees could be imposed as a condition of community supervision, and from our recitation of the facts above, it is apparent that the appellant would have been aware of the facts necessary to formulate an objection, at least by the time of the sentencing hearing on December 14, 2011, that attorney fees were in fact being assessed, and in what amount, as a condition of his community supervision. Second, a condition of community supervision that violates an absolute prohibition or systemic requirement is "not subject to ordinary principles of waiver or procedural default[,]" and may be challenged on that basis for the first time on appeal. *Gutierrez v. State*, 380 S.W.3d 167, 175-77 (Tex. Crim. App. 2012). The appellant does not contend that there is an absolute legal prohibition against assessing attorney fees that are unsupported by the evidence, and we are unaware of any.

[32] *See* note 22, *ante*.

community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision.[33] The appellant in this case neither 1) objected during the plea proceedings in the trial court, as required by *Speth*, nor 2) challenged the assessment of attorney fees as a condition of community supervision on appeal in the immediate aftermath of the imposition of community supervision, as required by *Manuel*.

The appellant insists that both of these principles of procedural default are inapposite here. He was not appealing from the original order imposing the reimbursement of appointed attorney fees as a condition of his community supervision, he contends. Rather, he was appealing the later revocation order, which improperly *reiterated* the requirement that he reimburse his appointed attorney fees even though he would no longer enjoy the benefits of community supervision. The appellant argues that, without the addition of that explicit requirement in the revocation order, he could not be expected to reimburse those fees any more than he could be expected to continue to fulfill any *other* routine condition of community supervision, such as reporting periodically to his probation officer, submitting to drug testing, or satisfying community service requirements. Any objection to the renewed

---

[33] *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) ("We have long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed. * * * That is, such issues may not be raised in appeals filed after 'regular' community supervision is revoked. * * * [We] now hold that this rule also applies in the deferred adjudication context. In other words, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed.") (citations omitted).

requirement that he reimburse the county for the cost of appointed attorney fees ripened only as of the signing of the revocation order, he maintains, and should therefore be challengeable in the appeal from the revocation.

## ANALYSIS

We reject the appellant's characterization. The reimbursement of attorney fees was not imposed upon the appellant *only* as a condition of community supervision. On authority of Article 26.05(g) of the Code of Criminal Procedure, the judgment independently imposed an obligation to repay attorney fees—"as court costs."[34] That one of the conditions of community supervision *also* made the fulfillment of that obligation necessary if the appellant wanted to maintain his status as a probationer does not mean that he was not otherwise obliged to do it in satisfaction of the judgment. In this respect, the requirement to pay court costs was not comparable to the sort of conditions of community supervision that the appellant invokes, such as reporting regularly to a probation officer, submitting to drug testing, or satisfying community service requirements. The only reason the appellant must satisfy these latter conditions is that he has contracted with the trial court to do so in order to maintain his probationary status. Here, the judgment independently required him to pay court costs, quite apart from the conditions of what we have sometimes called the "contract" with the trial court by which a defendant stands to "benefit[ ] from the . . . privilege of

---

[34] *See* note 18, *ante*.

probation[.]"[35] And the specific terms of the judgment (rightly or wrongly) included as court costs the reimbursement of appointed attorney fees.

What this necessarily means is that the court of appeals was mistaken to say that *Speth* required the appellant to preserve his sufficiency claim by way of an objection in the trial court. Just because the judgment's independent requirement to pay court costs, including court appointed attorney fees, was reiterated as one of the terms and conditions of community supervision does not mean that the rationale of *Speth* should apply. The requirement that the appellant pay court costs did not exist solely as a function of the probationary contract between the appellant and the trial court. Because the obligation to pay attorney fees was already imposed by the judgment as a court cost, a reviewing court may treat it for purposes of appeal as it would treat any other judgment obligation for purposes of an evidentiary sufficiency claim; that is, a reviewing court may inquire whether the record rationally supports that obligation even in the absence of an objection in the trial court. In short, *Mayer*, not *Speth*, controls. The court of appeals erred to conclude differently.

But this also necessarily means that the appellant could readily have raised this sufficiency claim in a direct appeal from the initial judgment imposing community supervision. Failing to do so, we hold, constituted a procedural default under *Manuel*.[36] The record in this case shows that the appellant was well aware of the existence and the amount

---

[35] *Speth*, *supra*, at 534.

[36] *See* note 33, *ante*.

of the attorney fees that were imposed for his court appointed representation during the plea proceedings. The bill of costs was dated the same day as the judgment imposing community supervision and was, by the terms of the judgment itself—as indicated in bold capital letters—attached.[37] By his signature, the appellant expressly acknowledged having read and understood the conditions of community supervision. Under these circumstances, the presumption of regularity applies, and we must conclude that the appellant was aware of the requirement that he pay court costs, including the cost of court appointed attorney fees, even as of the time he signed the judgment.[38] He would therefore have known to challenge the sufficiency of the evidence to support this requirement as of the time of any direct appeal from that judgment.

Instead of doing so, he waived his right to appeal, though not required to do so by the terms of any negotiation with the State. Whatever else could be said about such a waiver of appeal, it was certainly executed knowingly with respect to any possible claim that the record did not support the assessment of attorney fees.[39] That he chose to forego that appeal must

---

[37]
    *See* note 3, *ante*.

[38]
    *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) ("[T]his Court will indulge every presumption in favor of the regularity of documents in the trial court. This means that the recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity.") (citations omitted).

[39]
    *See Ex parte Reedy*, 282 S.W.3d 492, 498 (Tex. Crim. App. 2009) ("[W]e have held that a defendant may waive his right to appeal, but that his waiver will be knowingly and intelligently made only under circumstances in which, and to the extent that, he is aware of what has occurred in the trial proceedings. Only then is he in a position to know the nature of the claims he could have brought on appeal but for his waiver.").

work as a forfeiture of the claim, and he may not, consistent with our case law,[40] attempt to resuscitate it in a later appeal from the revocation of his community supervision.

## CONCLUSION

Albeit for a reason different than that provided by the court of appeals, we affirm its ultimate judgment that the appellant procedurally defaulted his claim that the record does not support the trial court's assessment of attorney fees to reimburse the county for the cost of his court appointed representation during the initial guilty plea proceedings.

DELIVERED:      September 25, 2013
PUBLISH

---

[40] *Manuel*, *supra*, at 661, and cases cited therein.