**AFFIRM; and Opinion Filed November 7, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00281-CR**

**KENDRICK DEON EWING, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0669161-T**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Fillmore

In one point of error, Kendrick Deon Ewing complains the trial court erred by ordering him to pay court-appointed attorney's fees as court costs. We affirm the trial court's judgment. We issue this memorandum opinion because the law to be applied in this case is well settled. *See* TEX. R. APP. P. 47.4.

On July 16, 2007, Ewing pleaded guilty to the charge that he committed aggravated robbery. The trial court deferred an adjudication of guilt, placed Ewing on deferred adjudication community supervision for ten years, and ordered Ewing to pay a fine of $2,500 and court costs of $461. The certified bill of costs filed by the district court in this appeal reflects the actual costs assessed were $511, including $250 for court-appointed attorney's fees.

The State filed a motion to adjudicate guilt, alleging Ewing committed another offense, failed to report to his supervision officer, and failed to pay supervision fees. On December 6, 2012, Ewing entered an open plea of true to the allegations. The trial court found Ewing guilty and assessed punishment of ten years' imprisonment. The trial court also ordered Ewing to pay $511 in court costs.

On appeal, Ewing asserts the trial court erred by ordering him to pay court-appointed attorney's fees as court costs because he was indigent. However, the bill of costs filed by the district clerk shows the court costs and court-appointed attorney's fees were assessed at the time Ewing was placed on deferred adjudication. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as sufficiency challenges, only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Because the record shows the court-appointed attorney's fees were assessed when Ewing was originally placed on deferred adjudication in July 2007, and nothing in the record shows additional attorney's fees were assessed when he was adjudicated guilty in December 2012, Ewing's complaint is untimely. *See Wiley v. State*, No. PD-1728-12, 2013 WL 5337093, at *5 (Tex. Crim. App. Sept. 25, 2013); *Manuel*, 994 S.W.2d at 661–62.[1] We resolve Ewing's sole point of error against him.

---

[1] *See also Tyson v. State*, No. 05-12-00579-CR, 2013 WL 3206304, at *1 (Tex. App.—Dallas June 21, 2013, no pet.) (not designated for publication).

The trial court's judgment is affirmed.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130281F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENDRICK DEON EWING, Appellant

No. 05-13-00281-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. F-0669161-T.
Opinion delivered by Justice Fillmore,
Justices Bridges and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of, November, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE