

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00229-CR

_____

MICHAEL DEWAYNE JEFFERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1274891D; Honorable George W. Gallagher, Presiding

November 20, 2013

CONCURRING AND DISSENTING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

I concur with the majority's decision to modify the judgment of the trial court to delete a portion of the attorney's fees assessed and to affirm the judgment as modified; however, I respectfully dissent because I believe the majority incorrectly limits that modification to the attorney's fees assessed when Appellant's deferred adjudication community supervision was revoked.

The judgment of the trial court orders that court-appointed attorney's fees in the amount of $2,050 be "added" to the financial obligations of Appellant, Michael Dewayne Jefferson. Relying upon *Wiley v. State*, No. PD-1728-12, 2013 Tex. Crim. App. LEXIS 1464, at \*21-22 (Tex. Crim. App. Sept. 25, 2013) and *Riles v. State*, No. 07-12-00386-CR, 2013 Tex. App. LEXIS 12446, at \*7-9 (Tex. App.—Amarillo Oct. 7, 2013, no pet. h.), the majority reduces the amount of those fees by only $1,150 because it finds that $900 of that amount was for fees assessed when adjudication of Appellant's guilt was originally deferred and he was placed on community supervision. By differentiating between attorney's fees assessed when Appellant was originally placed on deferred adjudication and fees assessed when that community supervision was revoked, I believe the majority incorrectly applies *Wiley*. Because I would modify the judgment to delete the entire sum of $2,050, I respectfully dissent. *See Riles v. State*, No. 07-12-00386-CR, 2013 Tex. App. LEXIS 12446, at \*9-18 (Tex. App.—Amarillo Oct. 7, 2013, no pet. h.) (Pirtle, J. dissenting).

Patrick A. Pirtle
Justice

Do not publish.