

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00074-CR

BERNARDO LUCIO SOSA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A18660-1012, Honorable Robert W. Kinkaid Jr., Presiding

November 22, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Bernardo Lucio Sosa, appeals his conviction for the offense of evading arrest or detention by use of a vehicle.[1] As a result of appellant's conviction, he was sentenced to serve 18 months in a State Jail Facility (SJF) and fined $1,000 with the SJF commitment suspended for four years of community supervision. Subsequently, appellant's community supervision was revoked and he was ordered to serve 18 months in an SJF. Appellant presents four issues on appeal. By these issues,

[1] *See* Tex. Penal Code Ann. § 38.04(a), (b)(1)(B) (West Supp.2013).

appellant contends that his plea was involuntary due to trial counsel's failure to advise him of the immigration consequences of his plea of guilty and that by failing to advise him of the immigration consequences of his plea, trial counsel rendered ineffective assistance of counsel. In his last two issues, appellant again contends that his plea was involuntarily made due to trial counsel's failure to adequately investigate the case and that this failure to investigate the case rendered trial counsel's assistance ineffective. We dismiss for want of jurisdiction.

## Factual and Procedural Background

Appellant's contentions center on the representation he received prior to entering his plea of guilty to evading arrest or detention by vehicle. Therefore, we will limit our recitation of the facts to that subject matter.

Appellant was appointed counsel to represent him. According to the record, trial counsel met with appellant at least one time at his office and again on the day of the plea of guilty. Further, the record reflects that trial counsel received a complete copy of the State's file prior to entering into an agreement with the State for appellant to enter a plea of guilty. Appellant entered his guilty plea on April 20, 2011. Subsequently, on February 5, 2013, appellant's community supervision was revoked following his plea of true to eight allegations heard on the State's motion to revoke community supervision. Appellant ultimately filed his notice of appeal on March 11, 2013.[2]

---

[2] Because appellant did not file a timely motion for new trial, his notice of appeal was due on or before March 7, 2013. *See* TEX. R. APP. P. 26.2(a)(1). However, appellant timely filed a motion for extension of time to file his notice of appeal. *See* TEX. R. APP. P. 26.3. This Court granted appellant's motion on April 10, 2013.

2

The substantive facts as alleged by appellant are as follows. At the motion for new trial hearing, trial counsel testified that he admonished appellant personally that, if appellant was not a citizen of the United States, any plea of guilty could have adverse impact upon his status, ability to remain in the United States, deportation, and ability to return to the United States. These were the same admonishments that the trial court gave appellant prior to accepting appellant's plea of guilty. During the trial court's admonishments, the judge asked appellant if he was a citizen of the United States and appellant answered affirmatively. Thereafter, the trial court accepted appellant's plea of guilty.

Once appellant was placed on community supervision, he was required to report to the community supervision office. On his third visit to the community supervision office, agents of Immigration and Customs Enforcement detained him and deportation proceedings were commenced because appellant was a resident alien and not a United States citizen. Under immigration rules, as interpreted by federal courts, the offense of evading arrest or detention by vehicle is considered an aggravated felony and subjects a non-United States citizen to deportation proceedings.[3]

As a result of his plea of guilty, appellant is now subject to deportation. This fact has led to appellant's appeal of his plea of guilty. The essence of appellant's appeal is his contention that he received ineffective assistance of counsel that resulted in the entry of an involuntary guilty plea.

---

[3] *See United States v. Sanchez-Ledezma*, 630 F.3d 447, 451 (5th Cir. 2011), *cert. denied*, 2011 U.S. LEXIS 4699, 131 S.Ct. 3024, 180 L.Ed.2d 851.

Jurisdiction

Appellant seeks to appeal his initial judgment of conviction after his community supervision has been revoked. An appellant is not permitted to raise on an appeal from the revocation of his community supervision any claim that he could have brought on appeal from the original imposition of that community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (West Supp 2013); *Wiley v. State*, No. PD-1728-12, 2013 Tex. Crim. App. LEXIS 1464, at *15-16 (Tex. Crim. App. Sept. 25, 2013). Whether the original plea of guilty was voluntary is an issue that must be raised in an appeal from the original order placing appellant on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b); *Wiley,* 2013 Tex. Crim. App. LEXIS 1464, at *15-16 (Tex. Crim. App. Sept. 25, 2013).

In the case before the Court, appellant entered his plea of guilty on April 20, 2011. He took no action to appeal until his community supervision was revoked nearly two years later, on February 5, 2013. Accordingly, we are without jurisdiction to consider his issues at this time, and dismiss for want of jurisdiction.

Per Curiam

Do not publish.

Pirtle, J. concurring in the result.

4