

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1757-13

---

### TAWONA SHARMIN RILES, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

---

**JOHNSON, J.,** filed a dissenting opinion.

### D I S S E N T I N G   O P I N I O N

Article 42.12, sec. 11(b) of the Texas Code of Criminal Procedure states, "A judge may not order a defendant to make any payments as a term or condition of community supervision, except for fines, court costs, restitution to the victim, and other conditions related personally to the rehabilitation of the defendant or otherwise expressly authorized by law. The court shall consider the ability of the defendant to make payments in ordering the defendant to make payments under this article."

Appellant clearly had appointed counsel, and was, therefore, indigent. Our case law provides that, once declared indigent, a defendant remains so until a change in financial circumstances is

shown. TEX. CODE CRIM. PROC. art. 26.04(p); *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013). Article 26.05(g) states, "If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay." Attorney fees are not fines, restitution, or related personally to the rehabilitation of the defendant. Nor are they court costs unless and until the trial court, not the probation officer or the county collection department, determines that the defendant has an ability to pay, in whole or in part, the billed attorney fees: the defendant's financial circumstances have to have changed such that the defendant is no longer indigent. I find nothing in this record to demonstrate that the trial court made an inquiry as to appellant's ability to pay. I therefore must conclude that the trial court had no authority to assess attorney fees because it did not consider appellant's ability to pay. Without authority to act, the court's order was void. A void order may be challenged at any time. *See Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001) ("A void judgment is a 'nullity' and can be attacked at any time.").

I also agree with Justice Pirtle that the majority of the court of appeals reads *Wiley v. State*, 410 S.W.3d 313 (Tex. Crim. App. 2013), too broadly. He set out the timing of the events at issue.

> Order of deferred adjudication signed on March 3, 2010, purports to have an attached bill of costs.

> Attorney fee voucher signed March 4, 2010.

> Bill of costs was issued on March 19, 2010, two weeks after the order was signed.

> Motion to revoke filed on August 25, 2011.

Appellant adjudicated on August 22, 2012.

Judgment is signed on August 23, 2012, order purports to have a bill of costs attached.

Bill of costs issued on August 24, 2012.

Justice Pirtle then presented his reasons for concluding that appellant did not forfeit her claim.

In *Wiley* the Court of Criminal Appeals clarified a split between the intermediate courts of appeal concerning whether an appellant can raise a sufficiency of the evidence claim concerning the reimbursement of court-appointed attorney's fees imposed during an original plea proceeding resulting in straight probation in a later appeal from the revocation of that community supervision. There, the Court held that a defendant is procedurally defaulted under *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), from asserting error that "could readily have been raised . . . in a direct appeal from the initial *judgment* imposing community supervision." *Wiley*, 410 S.W.3d at 320 (emphasis added). In reaching its conclusion, the Court of Criminal Appeals emphasized that the "record in this case shows the appellant was well aware of the existence *and amount* of attorney fees that were imposed for his court appointed representation during the [original] plea proceedings." *Id.* In *Wiley* the judgment itself contained a handwritten notation on the face of the document stating the exact dollar amount of attorney's fees being ordered. The opinion of the Court also emphasized the fact that the *Bill of Costs* was dated the same day as the original *judgment* and was *attached* to that judgment, giving rise to the presumption that the appellant was fully aware of the *full extent of the court's order* when he signed the judgment. *Id.*

While the majority here reaches the conclusion that the pertinent facts of this case were substantially akin to those in *Wiley*, that simply is not the case. *Wiley* involved the revocation of an order of "straight probation," where, in the original proceeding, a judgment was entered in addition to an order stating the terms and conditions of community supervision; whereas this case involves the revocation of an order deferring an adjudication of guilt where no judgment "independently imposed an obligation to repay attorney fees–'as court costs.'" *Id*. at 320. *Wiley* involved a *judgment*, signed by the defendant, expressly stating the exact dollar amount of attorney's fees subsequently being contested; whereas here, the *Order of Deferred Adjudication* references an attachment (not even in existence, much less actually attached when executed) concerning an undetermined amount of attorney's fees (to be subsequently awarded), which were to be paid in accordance with a payment arrangement (to be subsequently made) with a representative of the county "Collections Department."

The majority also posits that *Manuel* brings this case into the context of a procedural default because, like here, the revocation of an order of deferred adjudication was involved in that case. In *Manuel* the Court of Criminal Appeals

held that an appellant was procedurally barred from contesting the sufficiency of the evidence relating to the issue of *guilt* in any proceeding other than "appeals taken when community supervision is originally imposed . . .." *Manuel*, 994 S.W.2d at 661. Because Manuel could have questioned the sufficiency of the evidence substantiating his guilt immediately after being placed on community supervision, he was procedurally barred from raising that issue when his deferred adjudication was revoked. *Id.* But *Manuel* is factually distinguishable from this case. In *Manuel* the appellant sought to contest a finding essential to the original order of deferred adjudication–a finding of guilt. Whereas here, the Appellant is contesting a factual determination–the ability to repay $1,000 in court-appointed attorney's fees–that was not even made at the time she was placed on deferred adjudication. At best, all the trial court determined in this case was that the Appellant had the ability to make some monthly payment (as yet undetermined) that would be made in accordance with a payment agreement that would be negotiated in the future with the county collections department. [FN4 Contrary to the majority, I believe *Manuel* limits the extent of forfeiture only to those issues which an appellant had notice of at the time of the original plea. Here, the Appellant did not have notice of the full extent of attorney's fees ordered because the amount of those fees was, as yet, undetermined. Furthermore, having the ability to make a monthly payment is not the same thing as having the ability to pay the lump sum amount, a finding essential to the imposition of attorney's fees under article 26.05 of the Texas Code of Criminal Procedure. Therefore, it cannot be said that Appellant had notice of that essential finding.]

Accordingly, the procedural default considerations in *Manuel* and *Wiley* simply are not present in this case and it is neither reasonable nor practical to assume that a defendant being placed on deferred adjudication would contest by means of an appeal a condition of community supervision he or she reasonably expected to meet. [FN5 Here, the *Order of Deferred Adjudication* did not contemplate the payment of court costs and attorney's fees in a lump sum amount. The condition of supervision only required the Appellant to make monthly payments in accordance with a payment arrangement to be made after taking into consideration the Appellant's future income earning ability.] There being no independent judgment to contest, the facts here are clearly distinguishable from *Wiley* where a judgment imposed a clear and specific present obligation to pay a specific amount of attorney's fees. Furthermore, there being no essential factual determination made at the time of the original plea concerning the Appellant's ability to pay the lump sum attorney's fees ordered, this case is distinguishable from *Manuel*.

*Riles v. State*, 417 S.W.3d 606, 611-12 (Tex. App.–Amarillo, 2013) (Pirtle, J., dissenting).

I dissent.

Filed: February 4, 2015
Publish