

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00082-CR

TARVARUS DEANDRE STUCKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1103963D, Honorable Everett Young, Presiding

February 12, 2015

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Tarvarus Deandre Stuckey, has moved for rehearing concerning the correct amount of attorney's fees and court costs assessed which should have been a total amount of $5,365. We grant the motion, withdraw our opinion and judgment issued on January 16, 2015, and substitute the following opinion.

Appellant appeals his conviction for aggravated robbery. Through a single issue, appellant contends the trial court erred by ordering reparations be paid by him to the State because the record does not support same. We affirm as modified.

Appellant was indicted on June 6, 2006, for aggravated robbery; he requested counsel on March 12, 2008. The court appointed counsel and entered an order for appellant to make "monthly payments for legal services" at the rate of $100 per month on the tenth day of each month beginning August 10, 2009, until further order of the court. The payments were to be made to the Tarrant County District Clerk's office. On July 19, 2011, appellant pled guilty to the charged offense and was placed on deferred adjudication. At that time, according to the trial court's judgment, he was ordered to pay a $1,000 fine, $280 in court costs, and attorney fees "to be determined." However, he had already paid $100 toward those fees. Furthermore, the conditions of probation imposed on appellant included a $60 a month supervision fee, $20 for Crime Stoppers, attorney fee "to be determined," a $1,000 fine, and $284 dollars in court costs (a four dollar difference from the trial court's judgment). The trial court's certification of right to appeal showed that appellant had waived his right to appeal.

On or about December 12, 2011, appellant's conditions of probation were amended. The amendment imposed the obligation to pay attorney's fees in the amount of $3,360. Furthermore, appellant received a notice of the amendment given the presence of his signature on the document.

Subsequently, the State moved to adjudicate appellant's guilt. The trial court adjudicated appellant guilty and sentenced him to twenty years in prison. It further ordered appellant to pay $305 in court costs and reparations in the amount of $6,216. An order authorizing the withdrawal of funds from appellant's inmate trust account in the amount of $6,521 was also executed.

A bill of costs appears in the appellate record wherein the district clerk certified on January 6, 2014, that appellant owed $305 in court costs, no attorney's fees, no fine

2

and $6,216 for reparation (probation fees). Another document appearing in the record dated January 8, 2014, and entitled Community Supervision and Corrections Department of Tarrant County included a "Revocation/Restitution/Reparation Balance Sheet – Art. 42.03 § 2(b) of the Code of Criminal Procedure." According to that document, appellant owed $80 due to CSCD, $1,800 in probation fees and then a total balance of "all Reparations owed" as $1,880. However, immediately after the total figure appears a handwritten note referring to $976 in fines, $3,360 for attorney's fees, and a total amount of $6,216. Lastly, another handwritten notation refers to court costs of $305. The next document in the record is a list of fee breakdowns from the Tarrant County District Clerk indicating that courts costs of $305, fines of $976, attorney fees of $3,360, and no probation fees remained to be paid. The document also shows that appellant paid $24 toward his $1,000 fine and $100 toward the $3,360 for attorney's fees. Needless to say, the record is far from uncontradicted on what is and is not outstanding.

Appellant contends that the trial court erred in ordering reparations as there is insufficient evidence to support it. Therefore, appellant requests that this court modify the judgment by deleting the reparations.

The State concedes that the order for payment of $976 in fines and an $80 CSCD fee is not supported by the record and that those two items should be deleted from the amount due and the judgment. The State contends the remainder of the total amount was assessed when appellant received probation and should have been attacked at that time. Furthermore, he agreed to pay these items which prevents him from complaining about them on appeal. Finally, the State contends that $305 in court costs was not included in the final judgment which should be done now.

3

Because the State concedes that the $976 fine and $80 fee should be deleted from the total owed by appellant, we will delete those amounts. We, further, agree that appellant failed to object to the following monetary obligations imposed as part of the conditions upon which the deferral of his adjudication was dependent. They are $3,360 in attorney's fees, a $60 a month probation fee, and $280 in court costs. Evidence garnered from the records of the CSCD indicates that the unpaid probation fees totaled $1,800 at the time appellant was adjudicated guilty. Because appellant failed to object to the imposition of conditions of probation at the time they were assessed, he has waived any complaint about them now. *Wiley v. State*, 410 S.W.3d 313, 320-21 (Tex. Crim. App. 2013).

We also note evidence of the $305 in court costs assessed at the time appellant's probation was revoked. Appellant and the State have explained that this amount encompasses the original $280 assessed at the time of the guilty plea. Yet, appellant's payment of $100 toward his attorney's fee was not deducted. Doing so now would result in an outstanding attorney's fee of $3,260. Therefore, we find that the record illustrates that the total amount of "reparations" due from appellant is $5,365. We modify the trial court's judgment to reflect that amount.

Accordingly, we modify the judgment to reflect that the reparations due from appellant are $5,365 and affirm the judgment as modified.

Brian Quinn
Chief Justice

Do not publish.

4