

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00240-CR

FABIAN ARGUIJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-14E-077, Honorable Roland D. Saul, Presiding

October 5, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Fabian Arguijo appeals from his conviction of the first-degree felony offense of injury to a child[1] and the resulting sentence of 75 years of confinement. Appellant challenges his conviction through two issues. We will modify the judgment and affirm it as modified.

---

[1] TEX. PENAL CODE ANN. § 22.04 (West 2018).

## Background

Appellant does not challenge the sufficiency of the evidence supporting his conviction. We will relate only those facts necessary to a disposition of his appellate issues.

On the last day of December 2012, Z.A., a seven-month-old female,[2] arrived at a hospital via ambulance. The infant was unconscious, not responsive, and unable to adequately breathe on her own. A CT scan showed the child had a "brain bleed," a serious medical condition. An ER nurse suspected the injury to the infant was the result of child abuse and reported it as required by law. Police responded to her call and took photographs of the infant's injuries. Those photographs were introduced into evidence at trial.

Police spoke with appellant, Z.A.'s father. He initially told them he did not know what happened to Z.A. A few days later, appellant came to the police station and told officers he fell while holding Z.A. and the baby's head hit the dresser, the wall, and appellant's head. A recording of this interview was also admitted into evidence at trial. Appellant later gave police differing versions of what occurred but admitted he caused the injury. At trial, appellant testified he tripped while holding Z.A. and fell with her in his arms. Appellant's versions were not consistent with testimony concerning the infant's injuries.

---

[2] Z.A. was five years old by the time of trial.

A physician testifying as an expert witness told the jury she examined Z.A. four days after her injury.  She saw blood in the brain of "two different ages," indicating Z.A. previously suffered a brain bleed.  Medical records from early December indicated Z.A. suffered a skull fracture from that previous injury.  Appellant and Z.A.'s mother gave police differing versions of what occurred on that occasion.  They told police the injury to Z.A. was caused by a "Nintendo DS" dropping on Z.A.'s head and also said a cell phone hit her.  Their descriptions were inconsistent with what the doctor saw from the records and her examination of the child.  The doctor also testified Z.A.'s muscles and ligaments in the back of her neck were strained, requiring a significant amount of force.  She opined Z.A. suffered ongoing abuse and that the brain damage was "very significant" and permanent.

A week before trial, appellant filed his fifth motion for continuance, asking for more time because the expert with whom he consulted for trial informed him he would not testify.  The trial court denied the motion.

## Analysis

### Due Process Violation

Through appellant's first issue, he argues the trial court abused its discretion when it denied his motion for continuance when his expert withdrew a week before trial. Appellant contends this denial violated his due process rights.

An appellate court reviews a trial court's ruling on a motion for continuance for abuse of discretion. *Kainz v. State,* No. 07-13-00103-CR, 2015 Tex. App. LEXIS 482, at

3

*5-6 (Tex. App.—Amarillo Jan. 20, 2015, no pet.) (mem. op., not designated for publication) (citing *Gallo v. State,* 239 S.W.3d 757, 764 (Tex. Crim. App. 2007)). To demonstrate the trial court reversibly erred by denying a motion for continuance an appellant must show the trial court committed an abuse of discretion resulting in actual harm. *Id.* (citations omitted). A trial court abuses its discretion in denying a motion for continuance when "the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's interest in delay of the trial." *Id.* (citations omitted). How the defendant "was harmed by the absence of more preparation time" must appear in the record "with considerable specificity." *Id.* (citation omitted). "This showing can ordinarily be made only at a hearing on a motion for new trial, because almost always only at that time will the defendant be able to produce evidence as to what additional information, evidence or witnesses the defense would have had available if the motion for delay had been granted." *Id.* (citation omitted). Motions for continuance on the basis of securing an expert are "particularly within the trial court's discretion." *Gonzales v. State,* 304 S.W.3d 838, 843-44 (Tex. Crim. App. 2010).

The record shows appellant's attorney was appointed to represent him in April 2014. The court had previously granted several motions for continuance. In January 2017, the trial court authorized funds for appellant to hire an expert. Trial was set for June 2017.

At the hearing on the motion for continuance, appellant told the court his medical expert reviewed the material provided him and determined he could not assist appellant's

4

defense.  Appellant also told the court he had been searching for an expert for over a year and that this doctor was the seventh doctor he had approached.  Counsel told the court he did not have any other prospects and needed more time to find an expert.  The court denied the motion, stating "I just can't see continuing it again with really no idea if you could find another expert, or when they might be available, or how long it might take them to get up to speed on the case and that sort of thing.  So for those reasons, I'm going to deny the motion."

The State points out the record does not show the out-of-state expert was ever subpoenaed, despite the fact that trial was to take place in a week.  Also, counsel told the court he chose to terminate the agreement with the expert.  Moreover, the State argues, counsel requested an indeterminate amount of time to search for another expert.  Lastly, counsel did not explain to the court what testimony the doctor would have provided, or how another expert's testimony would have been different, and did not explain why he could not secure the testimony from another source.

No motion for new trial was filed.  Consequently, we do not have a record establishing actual harm from the trial court's denial of the requested continuance.  Appellant complains of the length of his sentence.  But nothing shows additional expert testimony would have altered the trial's outcome.  We are unable to say the trial court abused its discretion by denying appellant's motion for continuance.  We likewise cannot say the trial court's denial of appellant's motion rose to the level of a denial of due process. *See Nwosoucha v. State,* 325 S.W.3d 816, 828 (Tex. App.—Houston [14th Dist.] 2010,

pet. ref'd) (in the absence of an abuse of discretion, there generally can be no violation of due process) (citation omitted).

Moreover, we note the State's argument that appellant failed to comply with section 29.07 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 29.07 (West 2017). That article requires that in subsequent motions for continuance the defendant must, in addition to the requisites set forth for first motions for continuance in article 29.06, state that the testimony cannot be procured from any other source known to the defendant and that the defendant has a reasonable expectation of procuring the same at the next term of the court. *Id.* We agree with the State that appellant did not, in his subsequent motion for continuance, include the information required by article 29.07. Because appellant's motion for continuance failed to comply with article 29.07, for that reason also, the trial court did not abuse its discretion in denying it. *Davis v. State,* No. AP-77,031, 2016 Tex. Crim. App. Unpub. LEXIS 1154, at *71-72 (Tex. Crim. App. Nov. 2, 2016). *See also Timms v. State,* No. 05-06-01402-CR, 2007 Tex. App. LEXIS 3400, at *6-12 (Tex. App.—Dallas May 3, 2007, pet. ref'd) (mem. op., not designated for publication).

We overrule appellant's first issue.

Court-Appointed Attorney's Fees

In appellant's second issue, he challenges the trial court's assessment of $15,263.94 in court-appointed attorney's fees. The State concedes error and agrees appellant should not have been assessed these fees.

For a trial court to assess court-appointed attorney's fees against a defendant, the court must determine that the defendant has financial resources that enable him to offset, in whole or in part, the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *see also Cates v. State,* 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013). The record must contain some factual basis to support the determination that the defendant can pay attorney's fees. *Perez v. State,* 323 S.W.3d 298, 307 (Tex. App.— Amarillo 2010, pet. ref'd).

A defendant who has been determined to be indigent by the trial court "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Unless the record reflects that the defendant's financial status has changed, the evidence will not support the imposition of court-appointed attorney's fees against the defendant. *Wiley v. State,* 410 S.W.3d 313, 317 (Tex. Crim. App. 2013).

The record supports appellant's indigent status. He was found by the trial court to be indigent and appointed an attorney for both the trial and appellate proceedings. The trial court also provided to appellant funds to secure an expert based on appellant's indigency. Also, appellant was incarcerated during the proceedings on an unrelated charge. There is nothing in the record to support a change in appellant's status or appellant's ability to pay the assessed court-appointed fees.

We therefore sustain appellant's second issue and modify the judgment to remove the assessed attorney's fees. *See Perez,* 323 S.W.3d at 307 (modifying judgment to delete order to pay attorney's fees); *see also Gonzalez v. State,* No. 07-16-00012-CR,

7

2016 Tex. App. LEXIS 4064, at *2 (Tex. App.—Amarillo Apr. 19, 2016, no pet.) (mem. op., not designated for publication) (same and noting an appellate court may modify an incorrect judgment when it has the necessary information to do so).

Conclusion

Having overruled appellant's first issue but having sustained appellant's second issue regarding payment of court-appointed attorney's fees, we modify the trial court's judgment as set forth above and affirm the judgment as modified.

James T. Campbell
Justice

Do not publish.