

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00036-CR

KRISTIE DAWN THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR02507

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Pursuant to a plea agreement, Kristie Dawn Thomas was originally placed on deferred adjudication community supervision after pleading guilty to unauthorized use of a motor vehicle. The terms of Thomas's original plea agreement required her to pay a $300.00 fine and $238.00 in court costs, but no attorney fees. Following that original deferred adjudication, the State filed several motions to adjudicate guilt, which were resolved by modification of the terms and conditions of Thomas's deferred adjudication community supervision, including the payment of $375.00 in attorney fees.

Subsequently, Thomas pled true to the allegations in the State's January 7, 2021, motion to adjudicate guilt, and the trial court adjudicated Thomas guilty, sentenced her to ten years' imprisonment, and ordered her to pay a $294.00 fine, $368.00 in court costs, and $911.75 in attorney fees. Even so, the trial court had suspended its sentence in favor of placing Thomas on community supervision again for a period of five years. At that time, payment of the fine, court costs, and the attorney fees were made express conditions of Thomas's community supervision. Thomas did not appeal that judgment adjudicating her guilty and placing her on community supervision.

Finally, after other admitted violations by Thomas, the State moved to revoke community supervision. The trial court's judgment revoked Thomas's community supervision, sentenced her to ten years' imprisonment, and ordered her to pay $1,731.75 in court costs, which included $918.75 for her court-appointed attorneys. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.); *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013).

On appeal, Thomas argues that the trial court erred by assessing attorney fees against her because she is indigent. This point of error was forfeited because Thomas failed to appeal the attorney fees when they were assessed in a prior judgment placing her on community supervision. However, we modify the bill of costs to reflect that the proper amount of attorney fees assessed was $911.75. We also sustain Thomas's remaining arguments that the trial court's judgment should be modified to reflect the amount of outstanding court costs at the time of the revocation and the correct degree of offense. We affirm the trial court's judgment, as modified.

*(1)    Thomas Forfeited Her Complaint About the Assessment of Attorney Fees*

In her first point of error, Thomas argues that the evidence is insufficient to support the assessment of $918.75 for attorney fees. She argues that, because she was indigent, the assessment of attorney fees against her was improper. This issue has been forfeited.

Payment of attorney fees was a condition that allowed Thomas to continue to remain on community supervision after the State's January 7 motion to adjudicate guilt. When questioned about her ability to pay "$1,100 [and] . . . some other monies that [would] be required . . . while on [community supervision]," Thomas assured the trial court that she was employed and could make the payments. The trial court assessed $911.75 in attorney fees in its judgment placing Thomas on community supervision, and the record established Thomas's knowledge of those fees since the judgment contains her right thumbprint. The attorney fees were also made a part of the terms and conditions of Thomas's community supervision, which she acknowledged by her signature.

A defendant with knowledge of the imposition of court-appointed attorney fees in a judgment placing her on community supervision who fails to timely appeal from that judgment forfeits any complaint about the assessment of those attorney fees. *See Wiley*, 410 S.W.3d at 320–21. Consequently, she may not assert those complaints in an appeal from a judgment revoking her community supervision. *See id.* at 321.

We overrule Thomas's first point of error because it has been forfeited. Yet, there are various issues requiring modification of the judgment.

*(2)     We Modify the Trial Court's Judgment*

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker v. State*, 557 S.W.3d 678, 690 (Tex. App.—Texarkana 2018, pet. ref'd); *see Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)) ("This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record.").

The State notes that the judgment revoking Thomas's community supervision lists a fee of $918.75 instead of $911.75, and we will modify the judgment and bill of costs by deleting the additional seven-dollar fee.

Next, we consider Thomas's arguments that the judgment should also be modified to reflect the amount of court costs currently owed and the correct degree of offense.

4

The trial court assessed $1,731.75 in court costs. Except for attorney fees, addressed above, Thomas does not challenge any of those costs. Instead, Thomas argues that the amount of court costs should be $878.75, which was the outstanding amount at revocation, and the State agrees that this Court should modify the trial court's judgment "[i]n the interest of justice" to give Thomas "credit for the amount" paid. As requested by both parties, we sustain Thomas's second point of error. Giving Thomas further credit for the $7.00 overassessment of attorney fees, we modify the judgment and bill of costs to reflect that the total outstanding court costs due are $871.75.

We also sustain Thomas's last point of error. Thomas's offense is a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.07(b). However, the offense was punishable as a third-degree felony because of the State's punishment enhancement allegations. *See* TEX. PENAL CODE ANN. § 12.425(a). The trial court's judgment lists the degree of offense as "STATE JAIL FELONY Enh. 3rd Degree Felony," and contains no section related to Thomas's pleas as to the State's punishment enhancement allegations. Thomas argues that this wording suggests that the degree of offense was enhanced to a third-degree felony.[1] As a result, Thomas asks that this Court modify the judgment to reflect that the offense is still a state jail felony, but that punishment was enhanced. The State agrees that modification is required. As a result, we modify the trial court's judgment to reflect that the degree of offense is a state jail felony. We also modify the trial court's judgment to add a section, like the section in the original order of deferred adjudication,

---

[1]The original order of deferred adjudication mistakenly listed the offense as a third-degree felony.

5

showing that Thomas pled true to both of the State's punishment enhancement allegations and that those allegations were found true.

In summary, we (1) modify the trial court's bill of costs to reflect that the total attorney fees assessed was $911.75, (2) modify both the judgment and bill of costs to show that the total outstanding court costs due are $871.75, and (3) modify the trial court's judgment (a) to reflect that the degree of offense is a state jail felony and (b) to add a section to the judgment showing that Thomas pled true to the State's punishment enhancement allegations and that the trial court found those allegations to be true.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 28, 2021
Date Decided:      October 15, 2021

Do Not Publish