

# NUMBER 13-25-00282-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DANIEL NEAL MARTIN,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF BEE COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice West**

After appellant Daniel Neal Martin's community supervision was revoked, he appealed the denial of a pre-trial motion to suppress from the underlying jury trial. We affirm.

## I. BACKGROUND

On October 4, 2022, a grand jury indicated Martin for committing the offense of felon in possession of a firearm, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(a). On November 16, 2022, Martin filed his first motion to suppress. On March 8, 2023, Martin filed his second motion to suppress. On October 5, 2023, the trial court conducted a hearing on Martin's motion to suppress. At the conclusion of the hearing, the trial court pronounced that it denied the motion to suppress and explained its ruling.

On June 10, 2024, a jury was selected and on the next day, found Martin guilty of the offense as charged in the indictment. On July 18, 2024, the trial court assessed punishment at ten years' imprisonment. However, the trial court suspended the sentence and placed Martin on community supervision for a term of ten years.

On March 13, 2025, the State filed a motion to revoke Martin's community supervision, alleging that he tested positive for alcohol, in violation of the conditions of community supervision. On April 17, 2025, after hearing evidence on the State's motion to revoke, the trial court revoked Martin's community supervision and sentenced him to five years' imprisonment. This appeal ensued.

## II. DISCUSSION

A defendant placed on regular community supervision may raise issues related to the conviction only in appeals taken when community supervision is originally imposed; we lack jurisdiction to consider such issues in the defendant's subsequent appeal of a proceeding on revocation of his community supervision. *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013) (explaining that a defendant who had the opportunity to appeal a matter at the time community supervision is imposed but waits until community

2

supervision is revoked defaults procedurally); *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (explaining two appellate reviews of the conviction are not available simply because the defendant received community supervision that was later revoked); *see also Simmons v. State*, No. 13-08-00106-CR, 2009 WL 2914474, at *2 (Tex. App.— Corpus Christi–Edinburg Aug. 28, 2009, no pet.) (not designated for publication).

Here, Martin's sole issue on appeal is that the trial court was erroneous when it denied his motion to suppress. He could have appealed this matter in July 2024 when the jury adjudicated him guilty and the trial court placed him on community supervision. *See Wiley*, 410 S.W.3d at 320; *Manuel*, 994 S.W.2d at 661. Texas law does not provide him a second opportunity to appeal such matter simply because his community supervision was revoked. *See Wiley*, 410 S.W.3d at 320; *Manuel*, 994 S.W.2d at 661. Thus, we overrule Martin's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of November, 2025.

3