

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00540-CR

Yu **MASAKI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2602
The Honorable Angus McGinty, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  March 5, 2014

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Pursuant to an open plea of guilty, Yu Masaki was convicted of murder and sentenced to life imprisonment. Masaki filed a timely notice of appeal. Subsequently, Masaki's court-appointed attorney filed a brief containing his professional evaluation of the record and demonstrating there are no arguable grounds to be advanced. In the brief, Masaki's attorney concludes that this appeal is frivolous and without merit, and states that he provided Masaki with a copy of the brief, and informed him of his right to review the record and file his own brief. *See Anders v. California*, 386

U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Thereafter, Masaki filed a pro se brief.

When an *Anders* brief and a subsequent pro se brief are filed, we may either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error, or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Here, we have reviewed the record, counsel's brief, and Masaki's pro se brief, and have concluded that there is no reversible error and this appeal is wholly frivolous and without merit.

The record indicates that the trial court found Masaki to be indigent and appointed counsel to represent him at trial and on appeal. However, the judgment signed by the trial court assesses an unspecified amount of attorney's fees against Masaki. And, the bill of costs prepared by the trial court clerk states that the amount of court-appointed attorney's fees assessed against Masaki is "TBD" ("to be determined"). The evidence in the record does not support a finding that Masaki's ability to pay attorney's fees changed after the trial court determined Masaki to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). We, therefore, modify the judgment and the bill of costs to delete the assessment of attorney's fees against Masaki. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at*2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication)

(reforming both the judgment and the bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant).

The trial court's judgment is affirmed as modified, and counsel's motion to withdraw is granted.[1]

Karen Angelini, Justice

DO NOT PUBLISH

---

[1]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.