

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00254-CR

JAMES ALVIN GREENE                                        APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

### FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
### TRIAL COURT NO. 2013-0021M-CR

----------

## MEMORANDUM OPINION[1]

----------

In two points, James Alvin Greene contends that the trial court erred by requiring him to pay $2,564 in court costs in its judgment adjudicating him guilty of sexual assault. We modify the judgment to reduce the court costs to $564 and affirm it as modified.

---

[1]*See* Tex. R. App. P. 47.4.

The State filed a petition to adjudicate appellant guilty of sexual assault, for which he was on deferred adjudication community supervision. The trial court found two of the allegations in the petition to adjudicate to be true. After receiving a presentencing report, the trial court assessed appellant's punishment at ten years' confinement. The trial court did not orally assess a fine. The judgment included the imposition of "court costs" in the amount of $2,564. The bill of costs prepared by the District Clerk's office shows that $2,000 of the court costs is attributable to a "fine" and that $450 is attributable to attorney's fees.

In his first point, appellant contends that the court costs improperly included a $2,000 fine assessed in the original order placing him on deferred adjudication community supervision because the trial judge did not orally pronounce the fine as part of appellant's sentence upon adjudicating him guilty. The State concedes that the $2,000 cannot properly be assessed as court costs. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Therefore, we sustain appellant's first point.

In his second point, appellant challenges $450 of the remaining $564 in court costs because he contends that the evidence is insufficient to show that he has the ability to pay $450 in attorney's fees. The original order placing appellant on deferred adjudication, which was the result of a plea bargain, included $450 in attorney's fees. Because appellant did not challenge this part of the court costs in a direct appeal from the order deferring adjudication, he has forfeited this complaint. *Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013); *see*

2

*also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (explaining that attorney's fees may be included in court costs and, being nonpunitive, are not required to be orally pronounced to be effective).  We overrule appellant's second point.

## Conclusion

Having sustained appellant's first point and overruled his second point, we modify the trial court's judgment to reduce the court costs to $564 and affirm the judgment as modified.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 26, 2015