

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00692-CR

Mark A. **SALAZAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR9726
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Marialyn Barnard, Justice
            Patricia O. Alvarez, Justice
            Jason Pulliam, Justice

Delivered and Filed:  May 13, 2015

AFFIRMED AS MODIFIED

### BACKGROUND

Appellant, Mark Salazar, entered a no-contest plea to possession of cocaine in the amount of one gram or more, but less than four grams. The trial court followed the terms of the plea agreement by deferring adjudication of guilt and placing Salazar on community supervision for five years, beginning on January 11, 2010.

On July 2, 2013, the State filed a motion to revoke community supervision alleging Salazar committed the offenses of aggravated kidnapping and aggravated assault with a deadly weapon,

failed to pay certain fees, and failed to perform community service. On September 9, 2014, the trial court held a hearing and adjudicated Salazar guilty of the original charged offense and revoked his probation upon his plea of "true" to the allegation that he committed the offense of aggravated kidnapping, in violation of Condition No. 1 of his community supervision agreement. The State waived the other allegations in the motion to revoke. The trial court sentenced Salazar to five years' imprisonment. Salazar timely filed a *pro se* notice of appeal. The trial court certified Salazar's limited right to appeal the adjudication of guilt following a deferred adjudication.

### ANALYSIS

Salazar's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). In this brief, counsel concludes and demonstrates there are no arguable grounds to be advanced, and therefore, the appeal has no merit. Counsel certifies he provided Salazar with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Salazar did not file a brief.

After reviewing the record and counsel's brief, we agree the appeal is frivolous and without merit.

The judgment of the trial court is AFFIRMED. Furthermore, we GRANT appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85-86; *Bruns* 924 S.W.2d at 177, n.1.

No substitute counsel will be appointed. Should Salazar wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P.

68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

### ASSESSMENT OF ATTORNEY FEES

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014); *see also Wiley v. State*, 410 S.W.3d 313, 315 (Tex. Crim. App. 2013).

In the written judgment adjudicating Salazar guilty and revoking his probation, the trial court assessed a total of $860.00 as court costs. The Bill of Cost shows apportionment of $500.00 for "APPOINTED ATTORNEY." The clerk's record does not include the order appointing revocation counsel; however, Salazar is represented by court-appointed counsel in this appeal. Nothing in the record shows Salazar's ability to pay attorney fees as court costs changed after the trial court first determined he is indigent. Therefore, there is no factual basis in the record to support a determination that Salazar could pay attorney fees as court costs. *See Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

For this reason, the judgment of the trial court shall be modified to delete the assessment of the $500.00 court-appointed attorney fee as an impermissible court cost.

### CONCLUSION

We modify the judgment to reflect no assessment of attorney fees against Salazar in relation to his trial or this appeal. We AFFIRM the judgment of the trial court as modified and

GRANT appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Jason Pulliam, Justice

DO NOT PUBLISH