# NO. 12-16-00257-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ASHLEY GERROD CARTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ashley Gerrod Carter appeals the trial court's order revoking his community supervision. In his sole issue, Appellant contends the evidence does not support the trial court's assessment of attorney's fees against him. We modify the trial court's order and affirm as modified.

## BACKGROUND

In 2014, the State indicted Appellant for his failure to comply with sex offender registration requirements.[1] The indictment also contained an enhancement paragraph, which alleged that Appellant had a prior felony conviction. Pursuant to a negotiated plea agreement, the trial court found Appellant "guilty" of the offense and the enhancement to be "true." The trial court sentenced Appellant to imprisonment for six years, but suspended his sentence and placed him on community supervision for five years.

In 2015, the State filed a motion to revoke Appellant's community supervision, alleging that he failed to abide by its terms in several respects. Appellant pleaded "not true" to the allegations in the State's motion. After a hearing, the trial court found two of the State's allegations to be "true," namely Appellant's failure to report to his community supervision

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (West Supp. 2016).

officer and to obtain suitable employment. The trial court found the remaining five allegations to be "not true."

In its order revoking Appellant's community supervision, the trial court sentenced Appellant to imprisonment for four years. The trial court also ordered that Appellant pay attorney's fees in the amount of $1,300.00. This appeal followed.

## ATTORNEY'S FEES

In his sole issue, Appellant argues that the evidence does not support the trial court's assessment of attorney's fees against him.

### Standard of Review and Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Id.*

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2016). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset, in part or in whole, the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

No objection is necessary to preserve a claim that there is no evidence of a defendant's ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 556. But where such a claim arises from an order originally imposing community supervision, the defendant must bring it in a direct appeal from that order or risk forfeiture. *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013).

2

The claim is forfeited if the defendant was aware of his obligation to pay the fees, but did not bring the claim in a direct appeal. **_Riles v. State_**, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

**Discussion**

Appellant applied for a court-appointed attorney after his indictment for the underlying offense. The trial court found Appellant to be indigent and appointed an attorney to represent him. When the State filed its motion to revoke Appellant's community supervision, the trial court continued Appellant's indigent status and appointed the same attorney to defend him.

Neither party presented evidence concerning Appellant's change in indigent status, his resources, or his financial ability to retain an attorney or reimburse the county for court-appointed attorney's fees. Nevertheless, the trial court ordered that Appellant pay $1,300.00 in attorney's fees. In its order revoking Appellant's community supervision, the trial court itemized the assessment of attorney's fees as "$900.00 previous with $0.00 credit; $400.00 new fees."

In accordance with that itemization, the record shows that the trial court assessed "$900.00 Attorney Fees at the rate of $16.00 per month" in the underlying judgment placing Appellant on community supervision. Appellant's negotiated plea agreement contained a provision directly above his signature, which required that he reimburse the county for court-appointed attorney's fees. Appellant did not file a direct appeal challenging the trial court's assessment of $900.00 in attorney's fees. Because Appellant was aware of his obligation to pay $900.00 in attorney's fees when he executed his plea agreement and did not file a direct appeal, he has forfeited his right to challenge to that amount. *See* **_Riles_**, 452 S.W.3d at 337; **_Wiley_**, 410 S.W.3d at 318.

However, Appellant may challenge, as part of this direct appeal, the remaining $400.00 in attorney's fees assessed against him for fees incurred in defending against the State's motion to revoke. *See* **_Wiley_**, 410 S.W.3d at 315–17 (holding that defendant waived challenge to earlier $400.00 attorney's fees assessment made in order placing him on community supervision by failing to file direct appeal, but could challenge assessment of additional $400.00 in attorney's fees incurred defending against subsequent motion to revoke as part of direct appeal from revocation order). Since there is no evidence to show that Appellant was able to pay attorney's fees, nor is there evidence of a material change in his financial condition to support the assessment of such fees, we hold that the record lacks any basis to support the $400.00 assessment of attorney's fees against him. *See **id.***

Appellant's sole issue is sustained in part, and overruled in part.

## CONCLUSION

Where the evidence is insufficient to support a court's order of reimbursement of attorney's fees, the proper remedy is to reform the judgment by deleting the portion of the court-appointed attorney's fees unsupported by the record. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Accordingly, we *modify* the trial court's judgment by deleting the portion assessing "400.00 [in] new fees." The remainder of the judgment, including the portion assessing $900.00 in attorney's fees, remains unmodified. We *affirm* the trial court's judgment *as modified*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2017**

**NO. 12-16-00257-CR**

**ASHLEY GERROD CARTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court
of Henderson County, Texas (Tr.Ct.No. CR15-0395-3)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** by deleting the portion assessing "400.00 [in] new fees," while the remainder of the judgment, including the portion assessing $900.00 in attorney's fees, remains unmodified; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*