

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-18-00128-CR

EDDIE MCKAY PARUM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 441st District Court
Midland County, Texas
Trial Court No. CR48427, Honorable Rodney W. Satterwhite, Presiding

November 5, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Eddie McKay Parum appeals his conviction by jury of the third-degree felony offense of injury to a child[1] and the resulting sentence of ten years of imprisonment, suspended in favor of community supervision for five years, and a $3000 fine. Appellant challenges the sufficiency of the evidence to support his conviction and contends the

---

[1] TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West 2018).

judgment should be modified to remove the assessment of attorney's fees. We will modify the judgment and affirm it as modified.

## Background

Via a December 2016 indictment, appellant was charged with "intentionally and knowingly caus[ing] bodily injury to [M.A.], a child 14 years of age or younger, by hitting and striking the said [M.A.] with the Defendant's hand and hands and head[.]"

At trial, the State presented the jury with evidence that at the time of the incident, appellant lived with his wife Ginger, their daughter, appellant's parents and Ginger's two sons. The victim in this case, M.A., is Ginger's thirteen-year-old son.

Ginger testified that late one night in mid-November 2015, she returned home from work to find appellant had been drinking. He accused Ginger of unfaithfulness. The two argued and at one point, appellant took, and broke, Ginger's phone. Ginger told the jury she tried to leave but appellant started "hitting me. And he put his hand around my throat and I kicked him. And then about that time my son had went in there, [M.A.], to intervene and jumped on his back." Ginger testified that after M.A. "got off" appellant's back, appellant continued to hit her. Ginger did not see appellant hit M.A.

M.A. testified that after he "got down" from appellant's back and his mother left the room, appellant "blocked" him from leaving. Appellant "head-butted" M.A. "three times," hitting his "eyebrow" and the "middle of [his] forehead." M.A. said appellant "punched me . . . the first one was in my jaw and the second one was in my eye, and then I started blocking him." Pictures of M.A.'s injuries were admitted into evidence. The responding police officer testified to the injury to M.A.'s eye, saying "it appeared that there were, like,

2

blood vessels that were popped or damaged. There was—extremely red on the inside, and then the inside of his eye was red." She agreed that an injury like this would be caused by a blow to the face.

Appellant also testified. He acknowledged he and Ginger argued that night and that he broke her phone. He also testified M.A. came into the room, "jumped on the bed and it was basically a choke hold he had me in and pulled my neck back." Ginger was "grabbing [appellant's] testicles." Appellant admitted he "backhanded" Ginger and "broke her nose." Appellant denied punching or headbutting M.A. but said, "[t]he only thing I can think of is when we went—when he grabbed me around the neck, we went back on the bed like that, and he was behind me. And that's when his mom was on my front." He admitted he might have hit M.A. at that point. But, appellant said "no" when asked whether it was a "purposeful head butt." During cross-examination, he again denied he intentionally butted M.A.'s head with his head or punched the boy in the face. Appellant's mother testified on appellant's behalf. Her version of events was similar to that of appellant.

Analysis

Sufficiency of the Evidence

We address appellant's second issue first. Appellant contends the evidence is insufficient to prove he was guilty of injury to a child. He does not dispute M.A. was injured and does not dispute that the injury occurred when M.A. was thirteen years old. What is in dispute, according to appellant, is how M.A. was injured. Appellant argues the injury likely occurred as appellant attempted to defend himself from attacks by Ginger and M.A.

3

Appellant points to contradictions in the witness testimony to support his position. The State argues appellant has conceded all of the required elements and that it was within the jury's purview to determine the credibility of the witnesses.

We review the sufficiency of the evidence by considering all of the evidence in the light most favorable to the jury's verdict to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.). The appellate court's role is to ensure the rationality of the factfinder. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the factfinder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id.*

The factfinder is entitled to judge a witness's credibility, and can choose to believe all, some, or none of the witness's testimony. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) ("The factfinder exclusively determines the weight and credibility of the evidence."). We defer to the factfinder's determinations of credibility, and may not substitute our judgment for that of the factfinder. *Jackson,* 443 U.S. at 319; *Thornton v. State,* 425 S.W.3d 289, 303 (Tex. Crim. App. 2014). We presume the factfinder resolved any conflicts in testimony in favor of the verdict and defer to that resolution. *Jackson,* 443 U.S. at 326; *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016).

4

To prove appellant committed the offense of injury to a child as charged in the indictment here, the State was required to show appellant intentionally or knowingly, by an act, caused bodily injury to a child. TEX. PENAL CODE ANN. § 22.04(a)(3) (West 2018). A person acts intentionally with respect to a result of his conduct when it is his conscious objective or desire to cause the result. TEX. PENAL CODE ANN. § 6.03(a). A person acts knowingly with respect to a result of his conduct when he is aware his conduct is reasonably likely to cause the result. TEX. PENAL CODE ANN. § 6.03(b). Bodily injury means "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8).

Appellant first points to M.A.'s testimony that Ginger was no longer in the room when M.A. "got down" from appellant's back. However, he asserts, Ginger testified appellant "kept on hitting" her after M.A. got off appellant. Appellant then argues that M.A.'s testimony was also contradicted by the testimony of appellant's mother. She testified she saw Ginger and M.A. attacking appellant. She saw M.A. on appellant's back, holding his neck and head. She testified she also saw both Ginger and M.A. "had [appellant] by the testicles, was pulling them." Appellant also points to medical testimony that he received treatment because his testicles were "bleeding" and one had a "one-inch cut circular cut." He says it is not likely that the injury to his testicles was caused by a kick as Ginger stated but rather by Ginger and M.A. pulling on his scrotum like he and his mother testified. In conclusion, appellant argues, "[t]he child's and his mother's version of events is simply not credible nor supported by the physical evidence" and the evidence thus is insufficient.

5

We disagree. M.A.'s testimony established each of the elements of the offense of injury to a child. He testified appellant headbutted him and punched him, causing injury to his eye and jaw, and that it was painful. All of the witnesses agree M.A.'s injuries occurred as a result of the argument between Ginger and appellant. The responding officer described the boy's injury. The jury was free to infer appellant's culpable mental state from the circumstances to which the witnesses testified. *See Hart v. State,* 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (proof of culpable mental state may be inferred from any facts tending to prove its existence, including the acts, words and conduct of the defendant). It was the jury's duty to resolve conflicts in the evidence, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319; *Williams*, 235 S.W.3d at 750. We defer to the jury's determination and presume that the jury resolved any inconsistencies in the testimony in favor of the verdict. *Jackson,* 443 U.S. at 326; *Blea,* 483 S.W.3d at 33.

We find the evidence sufficient to support appellant's conviction for injury to a child and overrule appellant's second issue.

Modification of Judgment

In appellant's first issue, he contends it was error for the judgment to include assessment of court-appointed attorney's fees. Appellant requests that the judgment be modified to remove that assessment of fees. The State concedes error and agrees modification is appropriate.

For a trial court to assess court-appointed attorney's fees against a defendant, the court must determine that the defendant has financial resources that enable him to offset,

6

in whole or in part, the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *see also Cates v. State,* 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013). The record must contain some factual basis to support the determination that the defendant can pay attorney's fees. *Perez v. State,* 323 S.W.3d 298, 307 (Tex. App.— Amarillo 2010, pet. ref'd).

A defendant who has been determined to be indigent by the trial court "is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Unless the record reflects that the defendant's financial status has changed, the evidence will not support the imposition of court-appointed attorney's fees against the defendant. *Wiley v. State,* 410 S.W.3d 313, 317 (Tex. Crim. App. 2013).

Here, appellant submitted an affidavit in which he averred he did not have the money to retain an attorney and requested court-appointed counsel. The trial court appointed counsel to represent appellant at trial and on appeal. Our review of the record reveals no evidence of a material change in appellant's financial circumstances. Because there is no evidence that appellant had the financial resources to pay the court-appointed attorney's fees, the court erred in ordering reimbursement of such fees. *Cates,* 402 S.W.3d at 251.

We sustain appellant's first issue.

Conclusion

The judgment is modified to read the defendant shall "Pay all costs of prosecution and court costs and fees authorized by law, EXCLUDING costs of court appointed attorney, and including costs of extradition or arrest, costs of collection and/or processing checks, costs of testing for drugs or alcohol, costs of video recording, costs of a DNA sample, and an assessment for Crime Stoppers and Comprehensive Rehabilitation Fund, as certified by the District Clerk in the bill of costs and/or as stated in the judgment."  The judgment of the trial court, as modified, is affirmed.

James T. Campbell
Justice

Do not publish.