

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00463-CR

Gail **MAYBERRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 09-05-0041-CRW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:  Liza A. Rodriguez, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: April 10, 2019

AFFIRMED AS MODIFIED

On May 4, 2009, Appellant Gail Mayberry was charged with multiple counts of child endangerment. After a jury trial, she was found guilty and sentenced to two years confinement in state jail. The trial court then suspended her sentence and placed her on community supervision. Mayberry appealed, and in 2011, this court affirmed the judgment of the trial court. *See Mayberry v. State*, 351 S.W.3d 507, 509 (Tex. App.—San Antonio 2011, pet. ref'd). In March 2015 and April 2016, the trial court amended the terms of Mayberry's community supervision. In September 2016, the State filed a motion to revoke Mayberry's community supervision, and in August 2017,

the State filed an amended motion to revoke. At the January 2018 hearing on the State's amended motion to revoke, Mayberry entered an open plea of true to having violated the terms of her community supervision. After an evidentiary hearing on punishment, Mayberry was sentenced to twelve months of confinement in state jail. She then timely appealed the trial court's judgment revoking her community supervision.

Mayberry's court-appointed appellate counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief explains why no arguable points of error exist for review and concludes that this appeal is frivolous and without merit. *See id.* at 744-45; *High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744-45; *High*, 573 S.W.2d at 812-13. Counsel states that Mayberry was provided with a copy of the brief and motion to withdraw, and was further informed of her right to review the record and file her own brief. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Additionally, counsel advised Mayberry that if she wished to review the record, she must file a motion in this court; counsel enclosed a form motion for that purpose. *See id.* Mayberry filed a pro se motion for access to the appellate record and was sent a full and complete duplicate paper copy of the clerk's and reporter's records by the Clerk of this Court. Mayberry's pro se brief was due on December 14, 2018. She did not file a pro se brief.

After conducting an independent examination of the appellate record, we find no reversible error. We agree that the appeal is frivolous and without merit. However, in reviewing the trial court's judgment and the bill of costs prepared by the trial court clerk, we note that the record indicates the trial court found Mayberry to be indigent and appointed counsel to represent her at the revocation hearing and on appeal. We further note that the trial court's judgment assessed

punishment as "TWELVE (12) MONTHS STATE JAIL DIVISION, TDCJ" and did not assess a fine. The judgment then provided that a fine and restitution are "N/A" (i.e., not applicable). The judgment left blank the amount of court costs to be assessed against Mayberry. At the end of the judgment, the trial court ordered Mayberry to report to the Wilson County District Clerk upon release from confinement:

> The Court orders that upon release from confinement, Defendant proceed immediately to the Wilson County District Clerk. Once there, the Court orders Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court courts, and restitution as ordered by the Court above.

However, the bill of costs prepared by the Wilson County District Clerk does not conform to the trial court's judgment. The bill of costs states that the amount of the fine is $1,000.00, the amount of restitution to "2nd victim" is $146.00, and the amount of restitution to "3rd victim" is $146.00. The trial court's judgment states that these costs are not applicable in this case.

Further, because the trial court found Mayberry to be indigent and there is no indication in the record that Mayberry's financial status has changed, no court-appointed attorney's fees should be assessed against Mayberry. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees). The trial court's judgment left blank the amount of court costs to be assessed, while the bill of costs states the amount of "court appointed attorney fee" is $2,537.55. Because no attorney's fees can be assessed against Mayberry, we modify the trial court's judgment to make clear no assessment of attorney's fees can be included in court costs. We further order the trial court clerk to prepare and file a corrected bill of costs showing that no fine, restitution, or attorney's fees are assessed against Mayberry. *See Ortiz v.*

*State*, No. 04-17-00842-CR, 2018 WL 4902967, at \*1 (Tex. App.—San Antonio Oct. 10, 2018, no pet.) (ordering corrected bill of costs in *Anders* appeal).

As modified, the judgment of trial court is affirmed. Appointed counsel's motion to withdraw is granted. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Liza A. Rodriguez, Justice

Do not publish

---

[1]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.