

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-18-00468-CR

———————————————————

DUSTIN RAY PELEBERG, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12731

---

Before Bassel, Birdwell, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Dustin Ray Peleberg appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt for aggravated assault with a deadly weapon, sentencing him to twelve years' confinement, and ordering him to pay $105 in court costs. We modify the judgment to delete $15 of the total costs assessed because the amount represents a fee that is not a statutorily authorized cost, and we affirm the judgment as modified.

A grand jury indicted Peleberg for the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02. Under the terms of a plea-bargain agreement, Peleberg pleaded guilty to the offense, and the trial court deferred adjudicating his guilt and placed him on community supervision for ten years. The trial court also imposed a nonsuspended $1,500 fine, pursuant to the terms of the plea-bargain agreement, and assessed court costs in the amount of $448.

During the period of Peleberg's community supervision, the State filed a second amended motion to proceed with an adjudication of guilt. The State alleged that Peleberg had violated seven conditions of his community supervision: (A)–(C) he failed to abstain from controlled substances by testing positive for methamphetamine on December 27, 2017; January 3, 2018; and March 7, 2018; (D) he failed to abstain from controlled substances by testing positive for amphetamine on March 7, 2018; (E) he failed to abstain from controlled substances by testing positive for marijuana on March 7, 2018; (F) he failed to report to his

community supervision officer on January 2, 2018; and (G) he failed to pay supervision fees for December 2017. Peleberg pleaded "true" to all seven allegations. The trial court heard evidence regarding the State's violation allegations, found all seven allegations to be true, and adjudicated Peleberg guilty of the underlying offense. The trial court sentenced him to twelve years' confinement. The judgment adjudicating guilt orders Peleberg to pay $105 in court costs.

Peleberg's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Peleberg of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Peleberg's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Peleberg the opportunity to file a response on his own behalf, and he did so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we

3

grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Peleberg's response, and the record. After reviewing the itemized bill of costs,[1] we conclude that there is no statutory authority authorizing the $15 assessed for "Motion to Proceed/Revoke Fee." *See Thiebaud*, 2019 WL 983747, at *2. Because "[o]nly statutorily authorized court costs may be assessed against a criminal defendant," we modify the judgment, the incorporated order to withdraw funds, and the bill of costs to delete this $15 fee, leaving total court costs of $90. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Thiebaud*, 2019 WL 983747, at *2; *Wright v. State*, No. 02-18-00352-CR, 2019 WL 311195, at *2 (Tex. App.—Fort Worth Jan. 24, 2019, no pet.) (mem. op., not designated for publication); *see also Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to modify a judgment in an *Anders* appeal).

Except for this improperly imposed fee, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim.

---

[1]Because Peleberg did not appeal from his conviction and original sentence, the $2,123 in costs and fines originally imposed cannot now be challenged. *See Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013); *Thiebaud v. State*, No. 02-18-00173-CR, 2019 WL 983747, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op., not designated for publication). We therefore limit our review to only the $105 court costs that were assessed in the judgment adjudicating guilt.

App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and the order to withdraw funds incorporated therein.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2019