

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00282-CR

Carlos **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 548885
Honorable Michael De Leon, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: December 4, 2019

AFFIRMED

At the conclusion of a bench trial, Carlos Garcia was found guilty of assault bodily injury – married/cohabitating. The trial court sentenced Garcia to one year confinement in jail; however, the sentence was suspended, and Garcia was placed on fifteen months community supervision.

Garcia's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes the appeal has no merit. Counsel provided Garcia with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex.

App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Garcia did not file a *pro se* brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit.[1] The judgment of the trial court is affirmed.

Although we affirm the trial court's judgment, in our review of the record, we noted the trial court's judgment assessed court costs in the amount of $307.00. Because the trial court found Garcia indigent and there is no indication in the record Garcia's financial status has changed, no court-appointed attorney's fees can be assessed against Garcia. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees). Accordingly, because the clerk's record contained no indication of whether the $307.00 in court costs included court-appointed attorney's fees, we requested a supplemental clerk's record containing a bill of costs. *See Cuevas v. State*, No. 04-13-00582-CR, 2014 WL 1089788, at *1 (Tex. App.—San Antonio Mar. 19, 2014, no pet.) (mem. op., not designated for publication) (noting district clerk filed supplemental clerk's record in *Anders* case containing a certified bill of costs); TEX. CODE CRIM. PROC. ANN. art. 103.006 ("If a criminal action or proceeding is transferred from one court to another or is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed."). Pursuant to our request, a supplemental clerk's record was filed containing a bill of costs which does not assess any court-appointed attorney's fees.

---

[1] In the *Anders* brief, appellate counsel makes reference to the judgment containing erroneous recitations of certain facts and also refers to a motion for nunc pro tunc that he filed to correct the erroneous recitations. After the *Anders* brief was filed, a supplemental clerk's record was filed containing a copy of this motion. On the second page of the motion after appellate counsel's signature, the trial court signed the motion indicating the motion was granted.

However, the trial court clerk also filed an additional supplemental clerk's record containing an attorney's fee voucher. Because it is not clear from the trial court clerk's action in filing the additional supplemental clerk's record whether the trial court clerk intends to assess court-appointed attorney's fees against Garcia, we order the trial court clerk not to assess such fees. *See Wiley*, 410 S.W.3d at 317.

Appellate counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Garcia wish to seek further review of this case by the Texas Court of Criminal Appeals, Garcia must either retain an attorney to file a petition for discretionary review or Garcia must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH