**Opinion filed September 14, 2023**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00293-CR

_____

## DANIEL MADRID, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-19-0701-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Daniel Madrid, originally pled guilty to the state jail felony offense of possession of a controlled substance, namely methamphetamine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West Supp. 2022). Pursuant to the terms of the plea agreement between Appellant and the State, the trial court sentenced Appellant to two years of imprisonment in the State Jail Division of the Texas Department of Criminal Justice (TDCJ) with a $550 fine, suspended the imposition of confinement, and placed Appellant on community

supervision for three years. The State subsequently filed a motion to revoke Appellant's community supervision that alleged four violations of such supervision. At the hearing on the State's motion to revoke, Appellant pled "true" to all four of the allegations. The trial court accepted Appellant's pleas of "true" and permitted the State and Appellant to present evidence. At the conclusion of the hearing, the trial court found that Appellant had violated the terms and conditions of his community supervision as alleged in the State's motion, revoked Appellant's community supervision, and assessed his punishment at imprisonment for eighteen months in the State Jail Division of TDCJ. We modify and affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw as counsel on appeal. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response and of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support the trial court's revocation of a defendant's community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea

2

of true standing alone is sufficient to support a trial court's decision to revoke. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

However, we note that the judgment contains nonreversible errors. An assessment for a third-party collection fee in the amount of $567 is included in the court costs. Pursuant to Article 103.0031 of the Texas Code of Criminal Procedure, a county's commissioners court or a municipality's governing body (a) may contract with a third party to collect unpaid fines, fees, court costs, forfeited bonds, restitution, and amounts related to a defendant's failure to appear and (b) may authorize the addition of a collection fee to the past due amounts owed by the defendant. Crim. Proc. art. 103.0031(a), (b) (West 2018). However, a defendant that has been determined by the trial court to be indigent "is not liable for the collection fees authorized under Subsection (b)." *Id.* art. 103.0031(d). The trial court in this case determined that Appellant was indigent. Therefore, the trial court erred when it assessed the third-party collection fee against Appellant at the revocation proceeding.[2] We have the authority to modify the trial court's judgment to correctly show the trial court proceedings when we have the necessary

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

[2]We note that the court costs in this case also included a court-appointed attorney's fee of $800. Unlike the third-party collection fee, the court-appointed attorney's fee was included in the original judgment of conviction, so we have not deleted it from the trial court's judgment revoking Appellant's community supervision. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (holding that the defendant procedurally defaulted by failing to raise the attorney-fee issue in direct appeal from the initial order); *Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013) (same).

information to do so.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).  Therefore, we modify the trial court's judgment and the district clerk's bill of costs to delete the $567 third-party collection fee.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court as modified.

W. BRUCE WILLIAMS

JUSTICE

September 14, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.