

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00122-CR
_____


JAMES H. BROCKMAN, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 21F1044-102



Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Pursuant to a plea bargain, James H. Brockman pled guilty to theft of property of a value under $2,500.00, with two prior theft convictions.[1] The trial court found Brockman guilty, sentenced him to two years' confinement in state jail, suspended his sentence, and placed him on community supervision for a period of five years. Brockman was also assessed a fine of $1,250.00, court costs of $290.00, and reimbursement fees of $160.00.

Less than two years later, Brockman's community supervision was revoked after he pled true to the State's allegations that he violated the terms of his community supervision in six ways. The trial court sentenced him to two years' confinement in state jail and assessed him a fine of $1,250.00, court costs of $290.00, and reimbursement fees of $160.00.

In this appeal,[2] Brockman challenges the $160.00 assessment of reimbursement fees (1) in toto because they are not supported by the most current bill of costs and (2) in part because there is insufficient evidence to support the assessment of his court-appointed attorney fees. As Brockman acknowledges, $150.00 of the assessed reimbursement fees were for court-appointed attorney fees.

We consider Brockman's second challenge first. Any complaints about the sufficiency of the evidence supporting the assessment of court-appointed attorney fees contained in a judgment of conviction that places a defendant on community supervision must be made in a timely appeal of that judgment. *See Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013); *Rodgers v.*

---

[1]*See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Supp.).

[2]In our cause numbers 06-23-00123-CR and 06-23-00124-CR, Brockman appeals two other convictions for theft of property of a value under $2,500.00, with two prior theft convictions.

*State*, No. 06-23-00101-CR, 2023 WL 6379018, at *2 (Tex. App.—Texarkana Oct. 2, 2023, no pet.) (mem. op., not designated for publication). "That is, such issues may not be raised in appeals filed after . . . community supervision is revoked." *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). A defendant who has knowledge of the assessed attorney fees and fails to timely appeal the judgment placing him on community supervision procedurally defaults these complaints in a subsequent appeal of the judgment revoking his community supervision. *See Wiley*, 410 S.W.3d at 320-21.

In this case, the record shows that the $160.00 in reimbursement fees, which included the $150.00 in court-appointed attorney fees, was assessed in the judgment that placed Brockman on community supervision. The record also shows that Brockman was aware that he would be assessed the attorney fees and would be responsible to pay them, since the attorney fees were included in the plea-bargain agreement signed by him at the time. Nevertheless, he did not appeal from that judgment. As a result, Brockman forfeited his complaint regarding the assessment of $150.00 for court-appointed attorney fees. We overrule Brockman's issues as they relate to the assessment of court-appointed attorney fees.

What remains of Brockman's first challenge, then, is the remaining $10.00 in reimbursement fees. There is no evidence in the record that Brockman knew he had been assessed those fees. As a result, this portion of his complaint has not been forfeited. "[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The most current bill of costs shows a $5.00 fee

for "ARREST & TAKE NOTICE TO APPEAR" and a $5.00 fee for "RELEASE." *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1), (6) (Supp.). "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is [a] sufficient" basis for the cost. *Johnson*, 423 S.W.3d at 396. We overrule the remainder of Brockman's issues.

For the reasons stated, we affirm the trial court's judgment.


        Jeff Rambin
        Justice


Date Submitted:     January 2, 2024
Date Decided:      February 2, 2024

Do Not Publish