

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00113-CR

———————————————

RANDY LEE CARR, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR23-0683

---

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

After police stopped Appellant Randy Lee Carr for an expired registration sticker, Carr ate—and then admitted to eating—three marijuana blunts that he had transferred to his mouth using "sleight of hand" after an officer saw them in his vehicle. After deliberating for 17 minutes, a jury found him guilty of tampering with physical evidence, a third-degree felony, *see* Tex. Penal Code Ann. § 37.09(a), (c), and then assessed his sentence at 99 years' incarceration after finding "true" the enhancement paragraphs alleging his two prior and sequential felony convictions, *see id.* § 12.42(d). The trial court sentenced him accordingly.

Carr does not challenge the verdict or sentence.[1] Instead, in two points, he complains that the trial court's appointed-counsel orders erroneously require him to reimburse the cost of his appointed counsel despite his indigence and that any "time payment fee" assessed as a court cost is premature during his appeal's pendency. Carr asks this court to modify the trial court's appointed-counsel orders to delete the finding that he has the ability to contribute to the cost of his appointed counsel's legal services and to correct the trial court's withdrawal order and the bill of costs to delete any premature time-payment fee.

---

[1]Because Carr does not challenge the sufficiency of the evidence to support his conviction, we will not discuss the underlying facts. *See* Tex. R. App. P. 47.1.

The State concedes that the appointed-counsel orders should not have required reimbursement but asserts that the judgment and bill of costs need not be modified because they do not order reimbursement of the appointed-counsel services and because the trial court did not assess a time-payment fee. The State asks that this court "sustain [Carr's] first issue as to the order determining appointment of trial counsel only" and then to affirm the judgment as modified. Because we have previously determined in similar cases that the fact that the trial court has not yet assessed a specific fee does not make an issue unripe for our consideration,[2] we will sustain both of Carr's points, modify the trial court's orders,[3] and affirm the trial court's judgment as modified.

## II. Background

After Carr's retained counsel withdrew for lack of payment, Carr filed an affidavit of indigency and an application for a court-appointed attorney. In his application, Carr

---

[2]*See Furstonberg v. State*, Nos. 02-21-00078-CR, 02-21-00079-CR, 02-21-00080-CR, 2022 WL 5240473, at *4 (Tex. App.—Fort Worth Oct. 6, 2022, pet. ref'd) (mem. op., not designated for publication); *Guevara v. State*, No. 02-21-00069-CR, 2022 WL 1042919, at *2 n.1 (Tex. App.—Fort Worth Apr. 7, 2022, no pet.) (mem. op., not designated for publication); *cf.* Tex. Code Crim. Proc. Ann. art. 103.001(b) (stating that a cost is not *payable* until a written bill containing the items of cost is produced, signed by the officer who charged the cost or who is entitled to receive payment for it, and provided to the person charged with the cost).

[3]*See Scott v. State*, No. 02-19-00283-CR, 2019 WL 6767813, at *2 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op., not designated for publication) ("When insufficient evidence supports a trial court's ordering of reimbursement of attorney's fees, the appropriate appellate remedy is to modify the trial court's order to delete the reimbursement of attorney's fees.")

stated that he had been unemployed for two months after having been laid off, that he had no assets or spousal income, that he owned no residence or real property, that his checking account was overdrawn by $40, and that his only personal property of any value was his "tools[,] wrenches," the value of which he estimated at $20. Carr did not list any public assistance, any dependents, or any monthly expenses.[4]

Counsel was appointed for Carr, but on the appointment form, "APPOINTMENT WITH REIMBURSEMENT" was check-marked. This portion of the form stated that the appointment was not because Carr was indigent but because "it is in the interests of justice," that Carr "presently has financial resources and/or an ability to pay all or part of the cost of legal services and related expenses to be provided," and that he "shall contribute to the cost of the legal services and related expenses." The court coordinator—not the trial judge—signed the appointment form. *See* Tex. Code Crim. Proc. Ann. art. 26.04(b)(1) (stating that a judge's designee is authorized to appoint counsel for an indigent defendant); *cf. Mayberry v. State*, No. 02-22-00278-CR, 2023 WL 6300723, at *5 (Tex. App.—Fort Worth Sept. 28, 2023, pet. ref'd) (mem. op., not designated for publication) (noting that because the court coordinator signed the order appointing counsel, there was no determination by the trial court—as required by

---

[4]Carr's mother's testimony during the trial's punishment phase reflects that Carr had been living in a recreational vehicle next door to her and his stepfather for the last four years.

4

Article 26.05(g)—that the defendant had the financial resources to pay all or part of the cost of the legal services).

In the April 15, 2025 judgment, the trial judge wrote in $290 for court costs and $20 for reimbursement fees and ordered Carr to "proceed without unnecessary delay to the District Clerk's office . . . to pay or arrange to pay any . . . court costs, reimbursement fees, and restitution due" upon his release from confinement.

The bill of costs, also dated April 15, 2025, shows that Carr owed $290 for consolidated state and local court costs, plus $10 for a bond fee, $5 for a commitment-or-release fee, and $5 for a warrantless-arrest fee, for a total of $310.[5] The bill of costs does not set out a dollar amount for a time-payment fee, but it ambiguously states both that the time-payment fee is not applicable and also that it will be removed if the bill is paid within 31 days of the judgment: "Time Payment Fee *is not applicable* and *shall be removed* if the fine, court costs and reimbursement fees are *paid in full prior to the 31st day*

---

[5]Carr does not challenge these fees. *See* Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (setting out $185 as state consolidated fees on felony conviction), § 134.101(a) (setting out $105 as local consolidated fees on felony conviction); *see also* Tex. Code Crim. Proc. Ann. art. 102.011(a)(1) ($5 warrantless-arrest fee), (a)(5) ($10 bond fee), (a)(6) ($5 commitment-or-release fee). Further, these are mandatory costs, which are, as the Court of Criminal Appeals has explained, costs that are "other than attorney's fees" and that are "predetermined, legislatively mandated obligation[s] imposed upon conviction." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). In contrast, attorney's fees are discretionary. *See id.* (citing Code of Criminal Procedure Article 26.05(g), which requires a court "to determine whether a criminal defendant 'has financial resources that enable him to offset in part or in whole the costs of the legal services provided'").

5

*after the date of Judgment.*" [Emphasis added.] *See* Tex. Code Crim. Proc. Ann. art. 102.030(a)(1)–(2) (stating that a person convicted of an offense "shall pay a reimbursement fee of $15" if he has been convicted of a felony and "pays any part of a fine, court costs, or restitution, or another reimbursement fee, on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, restitution, or other reimbursement fee").

The trial court's April 15, 2025 order to withdraw funds from Carr's inmate trust account states that $310 has been assessed against Carr for "court costs, fees and/or fines and/or restitution," and that the trial court "finds that the offender is unable to pay the court costs, fees and/or fines *on this date* and that, pursuant to Texas Government Code §501.014, the funds should be withdrawn from the offender's Inmate Trust Account." [Emphasis added.]

At the trial's conclusion, the trial judge asked Carr if he was "going to hire additional counsel" or "ask for court-appointed counsel," and Carr replied, "Court-appointed counsel." Carr's trial counsel acknowledged that he had been appointed, and the trial judge stated that he would appoint appellate counsel for Carr but did not make an indigency determination on the record. The next day, appellate counsel was appointed "without reimbursement," but on the appointment form—again—the finding was that the appointment was in the interests of justice and not because Carr was indigent. However, under this particular election, the form also stated, "Defendant *presently* has no financial resources to pay or contribute to the cost of legal services and

6

related expenses." [Emphasis added.] As before, the court coordinator—not the trial judge—signed the appointment form. *See id.* art. 26.04(b)(1); *cf. Mayberry*, 2023 WL 6300723, at *5.

### III. Discussion

Carr asserts that because he was indigent, the trial court erred by determining—without a basis in the record—that he had the ability to contribute to the costs of his court-appointed counsel's legal services in the trial and appellate courts. He further argues that any time-payment fee is premature during his appeal's pendency.

The defendant's financial resources and ability to pay "are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Code of Criminal Procedure Article 26.04(m) lists the considerations for a trial court or its designee in determining whether a defendant is indigent: "the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, and spousal income," if any. Tex. Code Crim. Proc. Ann. art. 26.04(m).

A defendant who requests a determination of indigency and appointment of counsel must take one of three actions, only one of which is pertinent here: "complete under oath a questionnaire concerning his financial resources." *Id.* art. 26.04(n)(1). Under Article 26.05(g), if the trial court determines that a defendant has financial

resources that enable him to offset in part or in whole the costs of the legal services provided to him in accordance with Article 1.051(c)[6] or (d),[7] including any expenses and costs, the trial court "shall order the defendant to pay during the pendency of the charges or, if convicted, as a reimbursement fee the amount that the judge finds the defendant is able to pay." *Id.* art. 26.05(g). But in making such a determination, "the judge may only consider the information a court or courts' designee is authorized to consider in making an indigency determination under Article 26.04(m)." *Id.* art. 26.05(g-1)(4). Once a defendant is determined to be indigent, without some indication in the record that the defendant's financial status has in fact changed, the evidence will not support an imposition of attorney's fees. *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *see* Tex. Code Crim. Proc. Ann. art. 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").

---

[6]Under Article 1.051(c), an indigent defendant "is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation." Tex. Code Crim. Proc. Ann. art. 1.051(c).

[7]Under Article 1.051(d), an eligible indigent defendant is entitled to have appointed counsel to represent him in, among other things, an appeal to this court. *See* Tex. Code Crim. Proc. Ann. art. 1.051(d)(1).

The indigency evidence in the record is Carr's affidavit in which he stated that he had been laid off and was unemployed, that he had no spousal income, that he owned no residence or real property, that his checking account was overdrawn, that he had no dependents, and that his only personal property of any value was worth around $20. *See* Tex. Code Crim. Proc. Ann. art. 26.04(n)(1). That is, he had no income or source of income due to his unemployment, no spouse or dependents, and no property of any significant value. *See id.* art. 26.04(m) (listing indigency considerations). Nothing in his affidavit showed that he had—or had ever had during the case's proceedings—the ability to pay attorney's fees. Accordingly, the trial court abused its discretion by determining (or adopting its designee's determination), without a basis in the record, that Carr had the ability to contribute to the costs of his court-appointed counsel's legal services in the trial and appellate courts. *See id.* art. 26.05(g-1)(4). We sustain Carr's first point and modify the appointed-counsel orders to reflect "appointment without reimbursement" because Carr is indigent.

Further, to the extent that the clerk's office may have imposed a time-payment fee on Carr as implied in the April 15, 2025 bill of costs—that is, that a time-payment fee would be imposed if his court costs and reimbursement fees were not "paid in full prior to the 31st day after the date of Judgment"—that imposition during the pendency of Carr's appeal is also erroneous. *See Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). We sustain Carr's second point and, to the extent that the time-payment fee has been imposed, we strike it as prematurely assessed. *See id.* ("We conclude that

9

the time payment fee must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time[-]payment fee."). The time-payment fee is struck without prejudice to its later assessment if, more than 30 days after the issuance of the appellate mandate, Carr has failed to completely pay his court costs or restitution. *Id.* at 133.

## IV. Conclusion

Having sustained both of Carr's points, we modify the trial court's orders appointing counsel and the bill of costs to reflect Carr's indigence and to correct any premature time-payment-fee assessment and affirm the trial court's judgment as modified. *See Guevara*, 2022 WL 1042919, at *4 (reaching same result).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 6, 2025

10